UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PHI THETA KAPPA HONOR SOCIETY,    )
    )
      Plaintiff,    )
    )
v.    )
    )    **Civil Action**  3:22-cv-208-CWR-FKB
HONORSOCIETY.ORG, INC. AND    )    **No.**
MICHAEL MORADIAN,    )
    )
    Defendants.    )

COMPLAINT

Plaintiff Phi Theta Kappa Honor Society, a non-profit corporation ("PTK Honor Society"), by and through its counsel, brings this Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendants HonorSociety.org, Inc. ("Honor Society") and Michael Moradian. PTK Honor Society alleges as follows:

**NATURE OF THE CASE**

1.    This is an action arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* and Mississippi statutory law, Miss. Code Ann. §§ 75-25-1 *et seq.*, and common law.

2.    This action arises out of Defendants' knowing and willful violations of PTK Honor Society's rights in its valuable intellectual property. Specifically, Defendants have used and continue to use PTK Honor Society's intellectual property in connection with their marketing, advertising, recruiting, and programming as an academic membership

1

organization, without authorization and with full knowledge that they are not so authorized.

3.      Defendants' unlawful use of PTK Honor Society's valuable intellectual property is likely to cause consumers to believe, erroneously, that PTK Honor Society has endorsed Defendants' scholarships, programming, and members, jeopardizing the goodwill and tarnishing the reputation associated with PTK Honor Society and membership. Defendants' continued use threatens to confuse students who seek to join PTK Honor Society or prospective employers or schools who seek to hire or admit PTK Honor Society members.

4.      On information and belief, Defendants have intentionally profited from their unauthorized use of PTK Honor Society's intellectual property and have made unauthorized use of the intellectual property to their benefit, and to the detriment of PTK Honor Society and its members, in violation of the laws set forth above.

**THE PARTIES**

5.      Plaintiff PTK Honor Society is a nonprofit corporation organized and incorporated under the laws of the State of Mississippi with a principal place of business in Jackson, Mississippi.

6.      Defendant Honor Society is a domestic corporation incorporated under the laws of Nevada with its principal place of business in Las Vegas, Nevada.

7.      Defendant Michael Moradian is an individual and a citizen of Nevada. Michael Moradian is the President, Treasurer, and Director of Honor Society.

2

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1116 and 1121, and under 28 U.S.C. §§ 1331, 1337, and 1338, and because this case arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq. This Court is also vested with jurisdiction over the subject matter of this dispute pursuant to diversity of citizenship, 28 U.S.C. § 1332, because PTK Honor Society is a citizen of a different state than both Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.     This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Furthermore, as stated above, this Court has jurisdiction over this entire case via diversity of citizenship.

10.     Defendants are subject to personal jurisdiction within the Southern District of Mississippi. For example, Defendants advertise at least two "chapters" located in Mississippi at Mississippi State University and Mississippi Valley State, and Defendants have awarded at least four scholarships to students in Mississippi.

11.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in Mississippi.

## FACTS ENTITLING PTK HONOR SOCIETY TO RELIEF

### A.  PTK Honor Society's Operations

12.     PTK Honor Society is an international academic honor society founded in 1918 by students and college presidents from eight Missouri junior colleges for women.

13.     PTK Honor Society is an invitation-only academic honor society that provides recognition for academic excellence and opportunities for its members to continue to grow as scholars and leaders as early as possible during their pursuit of a college degree or credential.

14.     PTK Honor Society has been recognized as the official honor society for junior colleges by the American Association of Community Colleges. PTK Honor Society is the only AACC-affiliated council that is an academic honor society.

15.     PTK Honor Society has more than 3.8 million members and approximately 250,000 active members on nearly 1,300 community college campuses in 11 nations.

16.     PTK Honor Society offers many opportunities and benefits to its members, including exclusive programming, scholarships, networking opportunities, recognition, and other benefits (collectively, "PTK Honor Society's Membership Benefits").

17.     For example, PTK Honor Society awards hundreds of scholarships to its members through its fundraising, endowments, and 871 four-year college and university scholarship partners totaling $240 million.

18.     As a result of PTK Honor Society's history of successful members and reputation as a prestigious and widely recognized academic honor society, membership

in PTK Honor Society is an accomplishment valued by students, academic institutions, and prospective employers.

19.     PTK Honor Society members pay a one-time $60 membership fee, a one-time regional fee, and a one-time chapter fee (amounts vary by region, and the average is $85 per member).

20.     PTK Honor Society is an accredited business with the Better Business Bureau, and it has an "A+" rating. The Better Business Bureau has received zero complaints about PTK Honor Society in the last three years.

**B. PTK Honor Society's Registered Marks**

21.     PTK Honor Society and its members have invested significant resources and effort to develop and foster the reputation, recognition, and goodwill associated with PTK Honor Society's Membership Benefits.

22.     PTK Honor Society has used and continues to use the PTK Honor Society Registered Marks in interstate commerce to identify its chapters, members, and scholarships, programming, and other services since 2011.

23.     PTK Honor Society owns numerous federal registrations, registered on the Principal register, for the PTK Honor Society Registered Marks, in connection with an academic honor society, academic membership institution, and various other academic and scholastic endeavors, including:

a.     Reg. No. 5,410,334, for word mark PTK®, for use in connection with providing educational mentoring services and programs in the field of

promoting community college scholarship and academic achievement, registered on February 27, 2018;

b. Reg. No. 4,006,285, for word mark PHI THETA KAPPA®, for use in connection with providing educational mentoring services and programs in the field of Community College Scholarship, registered on August 2, 2011;

c. Reg. No. 4,410,471, for a design and word mark:



for use in connection with educational services in the nature of counseling, including encouragement, to assist in attainment of degrees at community college schools, registered on October 1, 2013;

d. Reg. No. 4,620,487, for a design and word mark:



for use in education services, namely, providing structured programs in the field of interdisciplinary studies for Junior College honors students, registered on October 14, 2014;

e. Reg. No. 5,228,002, for a design and word mark:



for use in jewelry, registered on April 4, 2017;

f.      Reg. No. 6,075,656, for a design and word mark:



for use in providing information on-line relating to career opportunities, registered on June 9, 2020;

g.      Reg. No. 5,792,958, for a design mark:



or use in jewelry and medallions; student accessories, namely, writing instruments, notepads, stickers; apparel, namely, t-shirts, polo shirts, sweatshirts, socks, scarves, and hats; registered on July 2, 2019.

### C.  PTK Honor Society's Rights in PTK Edge

24.     In addition to the PTK Honor Society Registered Marks, PTK Honor Society has also used extensively for many years and acquired exclusive common law rights to the designation PTK Edge™ (the "Edge Mark").

25.     PTK Edge™ is a collection of free, online courses available only to PTK Honor Society members covering a broad range of topics including pursing employment opportunities, transferring to a four-year college, professional development, and research skills.

26.     PTK Edge is an important benefit associated with membership in PTK Honor Society, and it is an important program that differentiates PTK Honor Society from other honor societies.

27.     PTK Honor Society has expended and continues to expend substantial time, effort, and other resources in developing, advertising, and otherwise promoting the Edge Mark.

28.     The Edge Mark has acquired secondary meaning and strong, positive associations which symbolize the invaluable goodwill which PTK Honor Society has acquired as the leading honor society for junior college students.

### D.  PTK Honor Society's Trade Dress

29.     From its founding in 1918, PTK Honor Society has developed its Membership Benefits through a consistent combination of valuable scholarships, mentoring, social events, programming, and merchandise, all of which has become

immediately identifiable and serves to associate the source of the scholarship, program, event, or other benefit with PTK Honor Society and its brand.

30.     For example, some ways PTK Honor Society presents and identifies itself in the academic industry include, but is not limited to:

a.     The consistent use of PTK Honor Society's colors, which are navy blue and gold;

b.     Branding and marketing that frequently features a wreath of leaves, symbolizing stability and strength;

c.     PTK Honor Society's regalia, including, for example, graduation stoles made of a gold material featuring PTK Honor Society imagery embroidered in blue at the bottom;

d.     The PTK Honor Society website and social media posts, which frequently convey motivational and inspirational messaging using PTK Honor Society's colors, logos, and other identifying markers.

31.     The features and characteristics articulated above, as well as other elements, independently and in combination contribute to form PTK Honor Society's trade dress.

32.     PTK Honor Society has been identified by its trade dress since at least 1924.

33.     PTK Honor Society's trade dress is non-functional.

34.     PTK Honor Society's trade dress and the components forming the trade dress are not essential to the function of the honor society, nor are they essential to the membership, scholarships, or programming, which PTK Honor Society markets and provides in interstate commerce.

35.     Upon information and belief, at the time PTK Honor Society began operating in 1918, it was the first organization to operate as an honor society that incorporates the trade dress described herein, and remained the exclusive user of its distinctive Trade dress until approximately 2014 when Honor Society began plagiarizing PTK Honor Society's trade dress.

36.     PTK Honor Society vigilantly polices the market for infringements of its trademarks and trade dress, and through litigation and cease and desist letters has been successful in stopping infringements.

37.     PTK Honor Society's trade dress, including the design, appearance, styling, look, and feel of PTK Honor Society's Membership Benefits which include but are not limited to the seal and regalia described above, individually or in combination, are unique, arbitrary, non-functional, and inherently distinctive. The inherent distinctiveness of PTK Honor Society's Membership Benefits is used and understood to identify Plaintiff's brand, to distinguish PTK Honor Society's Membership Benefits and PTK Honor Society's members from non-members or other organizations' members and programming, and to indicate the source and origin of these opportunities or members.

**E.  Michael Moradian and Honor Society**

38.     On information and belief, Honor Society was formed in 2014.

39.     On information and belief, Mr. Moradian serves as Honor Society President, Treasurer, and Director.

40.     Upon information and belief, Honor Society purports to be a leading academic honor society.

10

41.     On information and belief, Honor Society purports that membership may be obtained by invitation only, but invitations may be and are extended without regard to academic success or qualifications.

42.     On information and belief, Honor Society is not certified by the Association of College Honor Societies, which is the sole accrediting and certifying agency for college and university honor societies.

43.     On information and belief, Honor Society charges members $120 per year in membership dues

### F.  Defendants' Illegal and Infringing Activities

44.     Defendants are reproducing, displaying, marketing, and distributing works and materials that infringe the Edge Mark.

45.     One of the "Benefits" identified on Honor Society's website is "Career Edge."

46.     Honor Society promotes that it has trademarked "Career Edge," and has taken steps to mimic PTK Edge™:

PTK Honor Society's website:



11

Honor Society's Website:



47.    On information and belief, Honor Society's Edge purports to offer "Premium Access" to Industry Guides and companies.

48.    In addition, Defendants are displaying marketing, advertising, and branding materials that infringe on PTK Honor Society's trade dress.

49.    Defendants publish such infringing materials in various ways, including through social media. For example, PTK Honor Society posted the following statement on various social media platforms standing against racism on June 2, 2020,[1] and Honor Society posted the notably similar statement with similar imagery on July 2, 2020[2]:

---

[1] *See* Instagram: https://www.instagram.com/p/CA8t_dVnnp5/;
Twitter: https://twitter.com/PHITHETAKAPPA/status/1267939354254675977;
Facebook: https://www.facebook.com/phithetakappa/posts/10157986297026084.

[2] *See* Instagram: https://www.instagram.com/p/CCKWlZ9Bc6Y/;
Facebook: https://www.facebook.com/HonorSociety/photos/a.523714694350231/3044194742302201/?type=3.

12



50.   Defendants have also taken steps to mimic PTK Honor Society's regalia, intending to palm off the goodwill and reputation associated with PTK Honor Society and its membership:



PTK Honor Society's Graduation Stole (left in each) compared with Honor Society's Stole (right in each).

51.     Defendants also frequently use wreaths in their branding and imagery, as seen above in the images of Honor Society's stoles, and as seen on Honor Society's website:



52.    Defendants often use the same wording as used by PTK Honor Society to promote and advertise themselves. For example, PTK Honor Society published the following marketing material in April 2019, and Honor Society published its corresponding material in May 2019:





53.     As PTK Honor Society modifies its marketing and invitations over time, Defendants also change their materials to mimic PTK Honor Society, emphasizing:





PTK Honor Society Invitation from Fall 2020      Honor Society Invitation from Spring 2021

54.     PTK Honor Society has received more than 100 complaints from individuals concerning issues related to Honor Society. Some examples of common complaints include:

    a.   Received invitations from Honor Society and attempted to join PTK Honor Society, mistakenly believing they had been invited to join PTK Honor Society;

    b.   Joined Honor Society thinking they were joining PTK Honor Society;

    c.   Elected not to join PTK Honor Society, thinking it was Honor Society;

55.     The Better Business Bureau has received 48 complaints about Honor Society in the last three years.

56.     Defendants' conduct singularly and collectively infringes upon PTK Honor Society's rights and goodwill associated with the Edge Mark and trade dress.

## COUNT I
### Federal False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

57.     PTK Honor Society repeats and realleges the allegations set forth in paragraphs 1-56 of this Complaint.

58.     Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a), provides that:

Any person who, on or in connection with any goods or services, … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

59.     Defendants are offering, marketing, and advertising into interstate commerce the Honor Society Edge program, which infringes on PTK Honor Society's rights in PTK Edge and the Edge Mark.

60.     As a result of Defendants' activities, PTK Honor Society has lost donations, memberships, affiliations, and profits, and it has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. PTK Honor Society's remedy at law is not by itself adequate to compensate it for injuries inflicted and threatened by Defendants.

61.     By reason of Defendants' acts of false designation, description, and representation described above, PTK Honor Society has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet fully ascertained.

62.     Defendants' acts of infringement, unfair competition, and false designation have caused PTK Honor Society irreparable injury. Defendants continue to commit such acts, and unless restrained and enjoined, will continue to do so, to PTK Honor Society's irreparable injury. PTK Honor Society's remedy at law is not adequate by itself to compensate it for injuries inflicted and threatened by Defendants.

63.     Because of Defendants' conduct, PTK Honor Society has been injured and damaged, and is entitled to recover damages, Defendants' profits, and costs pursuant to 15 U.S.C § 1117.

64.     Defendants are using the Edge Mark with full knowledge of PTK Honor Society's rights, and in bad faith with willful and deliberate intent to trade on PTK Honor Society's substantial recognition, reputation, and goodwill. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II
### Federal Trade Dress Infringement
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

65.     PTK Honor Society repeats and realleges the allegations set forth in paragraphs 1-64 of this Complaint.

66.     Defendants' website, promotional and recruiting materials, programming, and regalia are confusingly similar to the distinctive trade dress used by PTK Honor Society.

67.     Defendants use of trade dress similar to PTK Honor Society's trade dress has caused and is likely to continue to cause confusion, mistake, or deception among employers, schools, members, and potential members and to cause them to mistakenly believe that Defendants' website, scholarships, programming, and affiliations are licensed, sponsored, approved, or otherwise associated with PTK Honor Society.

68.     Defendants' conduct constitutes trade dress infringement and false representation that Defendants' services and products are sponsored, approved, or authorized by PTK Honor Society, all in violation of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### Common Law Trade Dress Infringement

69.     PTK Honor Society repeats and realleges the allegations set forth in paragraphs 1 through 68 of this Complaint.

70.     This is an action for common law trade dress infringement arising under the common law of the State of Mississippi.

71.     Defendants' above described conduct constitutes trade dress infringement in violation of the common law of the State of Mississippi.

72.     Defendants' website, promotional and recruiting materials, programming, and regalia are confusingly similar to the distinctive trade dress used by PTK Honor Society.

73.     Defendants use of trade dress similar to PTK Honor Society's trade dress has caused and is likely to continue to cause confusion, mistake, or deception among employers, schools, members, and potential members and to cause them to mistakenly believe that Defendants' website, scholarships, programming, and affiliations are licensed, sponsored, approved, or otherwise associated with PTK Honor Society.

74.     Defendants' conduct constitutes trade dress infringement and false representation that Defendants' services and products are sponsored, approved, or authorized by PTK Honor Society.

<u>**COUNT IV**</u>
**Unfair Competition in Violation of Mississippi Common Law**

75.     PTK Honor Society repeats, reiterates, and realleges paragraphs 1 through 74 above, as if full set forth herein.

76.     This is an action for common law unfair competition arising under the common law of the State of Mississippi.

77.     By reason of the foregoing acts, Defendants have unfairly competed with PTK Honor Society in violation of the common law of the State of Mississippi.

78.     Defendants' acts and conduct are likely to cause confusion as to the source of Defendants' services, programming, recruiting, scholarships, and members, and have led and are likely to continue to lead the public to mistakenly believe that Defendants are in some way connected with PTK Honor Society.

79.     The intentional and willful unfair competition conversion by Defendants of PTK Honor Society's intellectual property rights have caused and will continue to cause serious and irreparable injury to the reputation and goodwill of PTK Honor Society for which PTK Honor Society is without adequate remedy at law.

80.     As a direct and proximate result of Defendants' unfair competitive acts, PTK Honor Society has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorneys' fees.

81.     Defendants' conduct was fraudulent, oppressive, malicious, and in conscious disregard of the rights of PTK Honor Society, and PTK Honor Society is therefore entitled to punitive damages against them.

## PRAYER FOR RELIEF

Wherefore, Plaintiff PTK Honor Society requests that this Court enter judgment against Defendants as follows:

A.  Finding that:

   i.   Defendants violated 15 U.S.C.A. § 1125(a) and other statutory and common law authority, including unfair competition, false designation of origin, and trade dress infringement by knowing and intentional

unauthorized use of the Edge Mark and PTK Honor Society's trade dress; and

B. Ordering that:

    i. Pursuant to common law, equitable principles, the Lanham Act, and other statutes, Defendants and their owners, partners, officers, directors, agents, servants, employees, representatives, subsidiaries, and chapters jointly and severally, are enjoined during the pendency of this action, and permanently thereafter from:

        a. Directly or contributorily infringing on the Edge Mark, PTK Honor Society's trade dress, or any of PTK Honor Society's Registered Marks in any manner;

        b. Marketing, advertising, promoting, exhibiting or otherwise using materials which infringe upon PTK Honor Society's trade dress;

        c. Holding itself out as an accredited academic honor society or as an extension of or related entity to PTK Honor Society; and

        d. Directly or contributorily using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants' organization or membership are related to, endorsed by, sponsored by, or connected with PTK Honor Society and its membership.

ii.   Pursuant to common law, the Lanham Act, and other statutes, PTK Honor Society is awarded such damages available under federal and Mississippi law, including, but not limited to:

   a.   Actual damages;

   b.   Statutory damages;

   c.   Defendants' profits;

   d.   Costs of corrective advertising;

   e.   Punitive damages;

   f.   Treble damages;

   g.   Costs of this litigation;

   h.   Attorneys' fees associated with this litigation;

   i.   All other damages arising from the unlawful and unauthorized use of the Edge Mark and PTK Honor Society's trade dress; and

   j.   All other just and proper relief.

### JURY DEMAND

PTK Honor Society demands a trial by jury on all issues so triable.

Dated this the 20th day of April, 2022.

Respectfully submitted,

PHI THETA KAPPA HONOR SOCIETY

By:   */s/ Michael B. Wallace*

MICHAEL B. WALLACE, MSB # 6904
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205
Phone: 601-968-5500

23