**United States District Court**

**Southern District of Mississippi**

**Jackson Division**

| | |
|---|---|
| PHI THETA KAPPA HONOR SOCIETY, | Civil Action No. 3:22-cv-208-CWR-FKB |
| Plaintiff, | |
| | **DEFENDANT AND COUNTER-CLAIMANT HONORSOCIETY.ORG, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| v. | |
| HONORSOCIETY.ORG, INC., | |
| Defendant. | |
| | |
| HONORSOCIETY.ORG, INC., | |
| Counter-Claimant, | |
| v. | |
| PHI THETA KAPPA HONOR SOCIETY, | |
| Counter-Defendant. | |

1

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Honorsociety.org, Inc. ("Defendant" or "Honor Society"), by and through its undersigned attorneys, hereby answers the First Amended Complaint (Dkt. 20) ("FAC") of Plaintiff Phi Theta Kappa Honor Society ("Plaintiff" or "PTK"), as follows:

## NATURE OF THE CASE

1.      In answer to Paragraph 1 of the FAC, Defendant admits that this is an action arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* and Mississippi common law.  Defendant denies the remaining allegations.

2.      In answer to Paragraph 2 of the FAC, Defendant denies the allegations.

3.      In answer to Paragraph 3 of the FAC, Defendant denies the allegations.

4.      In answer to Paragraph 4 of the FAC, Defendant denies the allegations.

## THE PARTIES

5.      In answer to Paragraph 5 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      In answer to Paragraph 6 of the FAC, Defendant admits the allegations.

7.      In answer to Paragraph 7 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant admits the allegations.

8.      In answer to Paragraph 8 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant admits the allegations.

9.      In answer to Paragraph 9 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant admits the allegations.

10.     In answer to Paragraph 10 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

11.     In answer to Paragraph 11 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

12.     In answer to Paragraph 12 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

## JURISDICTION AND VENUE

13.     In answer to Paragraph 13 of the FAC, Defendant admits that this Court has original jurisdiction over Plaintiff's claims that arise under federal law, and that Plaintiff and Defendant are citizens of different states.  Defendant denies the remaining allegations.

14.     In answer to Paragraph 14 of the FAC, Defendant admits that this Court has supplemental jurisdiction over Plaintiff's claims that arise under Mississippi common law and are part of the same case or controversy as Plaintiff's claims that arise under federal law.  Defendant further admits that Plaintiff and Defendant are citizens of different states.  Defendant denies the remaining allegations.

15.     In answer to Paragraph 15 of the FAC, Defendant admits that it is subject to personal jurisdiction within the Southern District of Mississippi, and that it has awarded at least four scholarships to students in Mississippi.  Defendant denies the remaining allegations.

16.     In answer to Paragraph 16 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## FACTS ENTITLING PTK HONOR SOCIETY TO RELIEF

### A.  PTK Honor Society's Operations

17.     In answer to Paragraph 17 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     In answer to Paragraph 18 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

19.     In answer to Paragraph 19 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     In answer to Paragraph 20 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     In answer to Paragraph 21 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     In answer to Paragraph 22 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     In answer to Paragraph 23 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

24.     In answer to Paragraph 24 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

25.     In answer to Paragraph 25 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### B.  PTK Honor Society's Registered Marks

26.     In answer to Paragraph 26 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

27.     In answer to Paragraph 27 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     In answer to Paragraph 28 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### C.  PTK Honor Society's Rights in PTK Edge

29.     In answer to Paragraph 29 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

30.     In answer to Paragraph 30 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

31.     In answer to Paragraph 31 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

32.     In answer to Paragraph 32 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

33.     In answer to Paragraph 33 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### D.  PTK Honor Society's Trade Dress

34.     In answer to Paragraph 34 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

35.     In answer to Paragraph 35 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

36.     In answer to Paragraph 36 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     In answer to Paragraph 37 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

38.     In answer to Paragraph 38 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

39.     In answer to Paragraph 39 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

40.     In answer to Paragraph 40 of the FAC, Defendant denies that it plagiarized Plaintiff's claimed trade dress,  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

41.     In answer to Paragraph 41 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

42.     In answer to Paragraph 42 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**E.  Michael Moradian and Honor Society**

43.     In answer to Paragraph 43 of the FAC, Defendant admits the allegations.

44.     In answer to Paragraph 44 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant admits the allegations.

45.     In answer to Paragraph 45 of the FAC, Defendant admits the allegations.

46.     In answer to Paragraph 46 of the FAC, Defendant denies the allegations.

47.     In answer to Paragraph 47 of the FAC, Defendant admits that it is not certified by the Association of College Honor Societies.  Defendant denies the remaining allegations.

48.     In answer to Paragraph 48 of the FAC, Defendant denies the allegations.

**F.  Defendants' Illegal and Infringing Activities**

49.     In answer to Paragraph 49 of the FAC, Defendant denies the allegations.

50.     In answer to Paragraph 50 of the FAC, Defendant admits the allegations.

51.     In answer to Paragraph 51 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

52.     In answer to Paragraph 52 of the FAC, Defendant admits the allegations.

53.     In answer to Paragraph 53 of the FAC, Defendant denies the allegations.

54.     In answer to Paragraph 54 of the FAC, Defendant admits that it posted on social media the statement depicted in this paragraph on or about July 2, 2020.  Defendant denies the remaining allegations.

55.     In answer to Paragraph 55 of the FAC, Defendant denies the allegations.

56.     In answer to Paragraph 56 of the FAC, Defendant admits that it occasionally uses

wreaths in its branding and imagery, including as depicted in paragraphs 55 and 56.  Defendant denies the remaining allegations.

57.     In answer to Paragraph 57 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

58.     In answer to Paragraph 58 of the FAC, Defendant denies the allegations.

59.     In answer to Paragraph 59 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

60.     In answer to Paragraph 60 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     In answer to Paragraph 61 of the FAC, Defendant admits that it has made changes to its website after this lawsuit was filed.  Defendant denies that such changes were a result of this lawsuit.  Defendant denies the remaining allegations.

62.     In answer to Paragraph 62 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

63.     In answer to Paragraph 63 of the FAC, Defendant denies the allegations.

## COUNT I

### Federal False Designation of Origin

### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

64.     In answer to Paragraph 64 of the FAC, Defendant repeats and realleges its responses to Paragraphs 1 through 63 of the FAC as if fully set forth herein.

65.     In answer to Paragraph 65 of the FAC, Defendant admits the allegations.

66.     In answer to Paragraph 66 of the FAC, Defendant admits that it offers, markets, and advertises into interstate commerce the Honor Society Edge Program.  Defendant denies the remaining allegations.

67.     In answer to Paragraph 67 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

68.     In answer to Paragraph 68 of the FAC, Defendant denies that it has engaged in acts

of false designation, description and representation.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

69.     In answer to Paragraph 69 of the FAC, Defendant denies the allegations.

70.     In answer to Paragraph 70 of the FAC, Defendant denies the allegations.

71.     In answer to Paragraph 71 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

72.     In answer to Paragraph 70 of the FAC, Defendant denies the allegations.

## COUNT II

### Federal Trade Dress Infringement and False Advertising

### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

73.     In answer to Paragraph 73 of the FAC, Defendant repeats and realleges its responses to Paragraphs 1 through 72 of the FAC as if fully set forth herein.

74.     In answer to Paragraph 74 of the FAC, Defendant denies the allegations.

75.     In answer to Paragraph 75 of the FAC, Defendant denies the allegations.

76.     In answer to Paragraph 76 of the FAC, Defendant denies the allegations.

77.     In answer to Paragraph 77 of the FAC, Defendant denies the allegations.

78.     In answer to Paragraph 78 of the FAC, Defendant denies the allegations.

79.     In answer to Paragraph 79 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

80.     In answer to Paragraph 80 of the FAC, Defendant denies the allegations.

## COUNT III

### Common Law Trade Dress Infringement

81.     In answer to Paragraph 81 of the FAC, Defendant repeats and realleges its

responses to Paragraphs 1 through 80 of the FAC as if fully set forth herein.

82.     In answer to Paragraph 82 of the FAC, Defendant admits that Plaintiff purports to allege a cause of action for common law trade dress infringement arising under the common law of the State of Mississippi.

83.     In answer to Paragraph 83 of the FAC, Defendant denies the allegations.

84.     In answer to Paragraph 84 of the FAC, Defendant denies the allegations.

85.     In answer to Paragraph 85 of the FAC, Defendant denies the allegations.

86.     In answer to Paragraph 86 of the FAC, Defendant denies the allegations.

87.     In answer to Paragraph 87 of the FAC, Defendant denies the allegations.

88.     In answer to Paragraph 88 of the FAC, Defendant denies the allegations.

89.     In answer to Paragraph 89 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

90.     In answer to Paragraph 90 of the FAC, Defendant denies the allegations.

<u>**COUNT IV**</u>

**Unfair Competition in Violation of Mississippi Common Law**

91.     In answer to Paragraph 91 of the FAC, Defendant repeats and realleges its responses to Paragraphs 1 through 80 of the FAC as if fully set forth herein.

92.     In answer to Paragraph 92 of the FAC, Defendant admits that Plaintiff purports to allege a cause of action for common law unfair competition arising under the common law of the State of Mississippi.

93.     In answer to Paragraph 93 of the FAC, Defendant denies the allegations.

94.     In answer to Paragraph 94 of the FAC, Defendant denies the allegations.

95.     In answer to Paragraph 95 of the FAC, Defendant denies the allegations.

96.     In answer to Paragraph 96 of the FAC, Defendant denies the allegations.

97.     In answer to Paragraph 97 of the FAC, Defendant denies the allegations.

98.     In answer to Paragraph 98 of the FAC, Defendant asserts that Michael Moradian has been dismissed from this action (Dkt. 48), and therefore any allegations contained in the FAC concerning Mr. Moradian do not require a response.  To the extent a response is required, however, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant hereby alleges the following affirmative defenses to the claims asserted in the FAC, as follows:

1.     **Priority.**  Defendant's unregistered CAREER EDGE mark is entitled to priority over Plaintiff's PTK EDGE mark.

2.     **Invalidity.**  Plaintiff's claimed trade dress is invalid and unprotectable, because, without limitation, it is not inherently distinctive and has not acquired secondary meaning.

3.     **Acquiescence.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

4.     **Estoppel.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

5.     **Waiver.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

6.     **Statute of Limitations.**  Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

7.     **Laches.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

8.     **Failure to Mitigate Damages.**  Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its claimed damages.

9.     **Offset.**  The damages Plaintiff claims to have suffered, if any, should be offset by the damages Defendant has suffered due to Plaintiff's misconduct, as set forth in more detail in Defendant's Counterclaims.

10.     **Unclean Hands.**  Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including without limitation due to the acts described in Defendant's Counterclaims.

11.     **Reservation of Right to Amend.**  Defendant presently has insufficient knowledge or information sufficient to form a belief as to whether it may have additional affirmative defenses available to it.  Accordingly, Defendant reserves the right to assert additional defenses, in the event that discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

Wherefore, Honor Society respectfully requests that this Court award Honor Society the following:

1.     Plaintiff's FAC to be dismissed in its entirety, and with prejudice;

2.     For judgment on the FAC to be entered in Honor Society's favor;

3.     Costs and attorneys' fees to the extent permitted by law; and

4.     Such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant and Counter-Claimant, Honorsociety.org, Inc. ("Counter-Claimant" or "Honor Society"), by and through its undersigned attorneys, hereby brings these Counterclaims against Counter-Defendant Phi Theta Kappa Honor Society ("PTK" or "Counter-Defendant"), and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      These Counterclaims arise out of Counter-Defendant's (1) false and defamatory statements about Honor Society, (2) tortious interference with Honor Society's business relations, and (3) false and/or misleading representations of fact concerning PTK's services, all of which has damaged Honor Society.  Specifically, apparently unsatisfied with the patently unfounded and offensive assertions made in the present litigation, Counter-Defendant maliciously published additional false statements about Honor Society in a press release that was widely disseminated on PTK's website.  Counter-Defendant has also attempted to delegitimize Honor Society in school newspapers and social media posts by falsely and maliciously referring to Honor Society as a "scam," or other similar accusations, wrongfully encouraged third parties to complain to their State Attorneys General and the Better Business Bureau about Honor Society, and has made false or misleading representations about PTK's own services, all of which has caused substantial damages to Honor Society.

2.      It is plainly evident that Counter-Defendant has sought to harm Honor Society's reputation and financial well-being through its false statements and other aforementioned conduct. Consequently, in addition to defending itself against PTK's baseless allegations herein, Honor Society has been forced to file its own counterclaims against Counter-Defendant for defamation, tortious interference, and false or misleading representations.

3.      Through these Counterclaims, Honor Society seeks to recover the damages it has suffered on account of Counter-Defendant's intentional misconduct, which Honor Society calculates to be in excess of $1 million, as well as recover punitive damages sufficient to deter similar future misconduct.

**PARTIES**

4.      Honor Society is a corporation incorporated under the laws of Nevada with its principal place of business in Las Vegas, Nevada.

5.      PTK is a corporation organized and incorporated under the laws of the State of Mississippi with its principal place of business in Jackson, Mississippi.

6.      Honor Society is informed and believes, and thereon alleges, that third-party defendant, Dr. Lynn Tincher-Ladner ("Tincher-Ladner"), is a citizen of Mississippi. Tincher-Ladner is the President and CEO of PTK.

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States, namely the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

8.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as Counter-Claimant (Honor Society) is a citizen of a different state than both Counter-Defendant (PTK) and third-party defendant (Tincher-Ladner), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because both PTK and Tincher-Ladner reside in this judicial district, and they are both residents of the State of Mississippi.

10.     Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Mississippi.

11.     Venue is also proper pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because PTK and Tincher-Ladner are individuals and business entities that are subject to this Court's personal jurisdiction.

**FACTUAL ALLEGATIONS**

12.     Honor Society is an inclusive academic and professional achievement society.

13

Honor Society's membership base includes approximately 1.5 million individuals, comprised of professionals, alumni, as well as active students.  Honor Society has members in all 50 states and from dozens of countries worldwide.

13.     Honor Society provides its members with resources, scholarships, and a wide range of networking opportunities, all of which serve to boost its members' growth both in and after college.  In addition, members of Honor Society have access to its exclusive scholarship listings, dining discounts, discount dental, vision and hearing health plans, and Honor Society regalia.

14.     On April 20, 2022, PTK filed the present suit against Honor Society, alleging causes of action for Federal False Designation of Origin, Federal Trade Dress Infringement, Common Law Trade Dress Infringement, and Unfair Competition in Violation of Mississippi Common Law.

15.     Separate and apart from this suit, PTK posted a press release on its website on April 21, 2022, entitled "Phi Theta Kappa Honor Society Sues Las Vegas Company for Trademark Infringement" (the "Press Release").  A true and correct copy of the Press Release is attached hereto as Exhibit A.   The Press Release can also be found online at https://www.ptk.org/2022/04/21/phi-theta-kappa-sues-las-vegas-company-for-trademark-infringement/

16.     Critically, while the Press Release first noted the existence of this lawsuit and referred to the allegations in PTK's complaint, it then went further by including quotes from Tincher-Ladner – identified as the President and CEO of PTK – separately accusing Honor Society of improprieties and wrongful conduct.

17.     In particular, the Press Release quoted Tincher-Ladner as stating that Honor Society "has deliberately confused students and diluted the value of Phi Theta Kappa Honor Society membership by knowingly using a visual identity, marketing materials, regalia and online content which are strikingly similar to those of Phi Theta Kappa."  The Press Release further quoted Tincher-Ladner as stating that Honor Society "has misled countless students into believing they were joining Phi Theta Kappa Honor Society when they were not."

18.     The above-described statements made by Tincher-Ladner and PTK were false. Honor Society never has intentionally or knowingly confused or misled students and never has intentionally or knowingly used similar visual identity, marketing materials regalia or online content similar to that of PTK.

19.     Tincher-Ladner and PTK had no factual basis to assert that Honor Society intentionally or knowingly confused or misled students.  Similarly, Tincher-Ladner and PTK had no factual basis to assert that Honor Society intentionally or knowingly used similar visual identity, marketing materials regalia or online content similar to that of PTK.

20.     Honor Society is informed and believes, and thereon alleges, that Tincher-Ladner made the false statements both in her individual capacity and in her representative capacity as the President and CEO of PTK, and thus the statements are attributable to both Tincher-Ladner and PTK.

21.     Tincher-Ladner and PTK made the above-described defamatory statements with actual malice – i.e., with knowledge of their falsity or alternatively, with a reckless disregard for their falsity.

22.     Tincher-Ladner and PTK made the above-described defamatory statements without privilege or justification.

23.     The above-described defamatory statements concerning Honor Society directly injured it by diminishing its reputation, which has a natural tendency to decrease Honor Society's paid membership and thus its financial bottom line.

24.     The above-described statements were defamatory on their face insofar as they falsely disparaged Honor Society and tarnished its stellar reputation.

25.     Honor Society is informed and believes, and thereon alleges, that Tincher-Ladner and PTK expected and intended that the defamatory statements would injure Honor Society economically.

26.     In addition to the foregoing misconduct, Honor Society is informed and believes, and thereon alleges, that Tincher-Ladner and PTK have intentionally and willfully engaged in

other tortious acts that were calculated to cause damage to Honor Society's lawful business. Specifically, Honor Society is informed and believes that in addition to the aforementioned defamatory statements contained in a press release, Tincher-Ladner and PTK have attempted to delegitimize Honor Society to numerous third parties, including in school newspapers and through social media posts, among other informational channels, by falsely and maliciously referring to Honor Society as a "scam," or accusing Honor Society of other similar conduct, wrongfully encouraging third parties to complaint to their State Attorneys General and the Better Business Bureau about Honor Society which has caused further substantial damages to Honor Society and its reputation, and has deterred prospective members of Honor Society from becoming members, and driven them instead to join PTK.

27.    Honor Society is informed and believes, and thereon alleges, that Tincher-Ladner and PTK have made these aforementioned statements to many third parties, including without limitation to (1) Ivy Tech Community College, (2) Motlow College, and (3) the College of Dupage's student newspaper, The Wright Times, among others, who have repeated Tincher-Ladner's and PTK's wrongful accusations to their constituents, causing substantial damages to Honor Society, and driving prospective members away from Honor Society and towards PTK.

28.    Upon information and belief, Tincher-Ladner and PTK made their accusations concerning Honor Society to these various third parties, with the intention that these third parties would repeat the accusations to their constituents.

29.    In a further attempt to wrongfully and unfairly stifle Honor Society's lawful business, and increase PTK's business, Honor Society is informed and believes that Tincher-Ladner and PTK have claimed to third parties, including to students and schools, that PTK is the "only" and/or is the "official" honor society for two-year colleges, which is false and/or misleading, and which has caused further damages to Honor Society.

30.    Upon information and belief, Tincher-Ladner's and PTK's aforementioned instances of misconduct against Honor Society were made with an element of aggression, or some coloring of insult, malice, oppression, fraud or gross negligence, evincing ruthless disregard for

the rights of others, such that punitive damages are warranted.

31.     Honor Society is informed and believes and thereon alleges that discovery will reveal additional instances in which Tincher-Ladner and PTK made additional defamatory statements about Honor Society directly to universities and students/potential members of Honor Society, as well as made engaged in other acts of tortious interference with business relations, and other false and/or misleading statements that have caused damages to Honor Society.

## COUNT I

### Defamation

### Against PTK

### Under the Common Law of Mississippi

32.     Honor Society realleges and hereby incorporates by reference paragraphs 1 through 31 above.

33.     Both Tincher-Ladner and PTK published or were responsible for publishing the false statements about Honor Society described above.

34.     All of the false statements Tincher-Ladner and PTK published, or were responsible for publishing, were and are defamatory.  The statements were clearly directed towards Honor Society and were designed to and did indeed injure Honor Society's reputation, expose Honor Society to public hatred, contempt or ridicule, degrade Honor Society in society, lessen Honor Society in public esteem and lower Honor Society in the confidence of the community.  That the statements were defamatory is clear and unmistakable from the words themselves.

35.     Tincher-Ladner and PTK published or were responsible for publishing the statements to third parties and had no privilege or justification to publish such false and defamatory statements about Honor Society.  Instead, Tincher-Ladner and PTK published or were responsible for publishing the false statements with actual malice; that is, with knowledge of their falsity or a reckless disregard of whether the statements were true or false.

36.     Tincher-Ladner's and PTK's statements falsely accused Honor Society of actions incompatible with proper conduct in the academic and professional achievement industry.  Such

statements were designed to, did, continue to, and are presumed to have injured Honor Society's reputation and business, thus causing Honor Society monetary damages in excess of $75,000. Both Tincher-Ladner and PTK are individually, and jointly and severally, liable to Honor Society for all damages proximately caused by such defamatory statements.

37.      Upon information and belief, Tincher-Ladner's and PTK's aforementioned acts of defamation against Honor Society were made with an element of element of aggression, or some coloring of insult, malice, oppression, fraud or gross negligence, evincing ruthless disregard for the rights of others, such that punitive damages are warranted.

<u>COUNT II</u>

**Tortious Interference With Business Relations**

**Against PTK**

**Under the Common Law of Mississippi**

38.      Honor Society realleges and hereby incorporates by reference paragraphs 1 through 31 above.

39.      Both Tincher-Ladner and PTK have engaged in unlawful intentional and willful tortious acts that were calculated to cause damage to Honor Society's lawful business.

40.      These tortious acts of Tincher-Ladner and PTK include their aforementioned defamatory statements, as well as other statements and conduct made by both Tincher-Ladner and PTK to numerous third parties that were designed to delegitimize Honor Society by falsely and maliciously referring to Honor Society as a "scam," or other similar accusations, and wrongfully encouraging third parties to complain to their State Attorneys General and the Better Business Bureau about Honor Society.

41.      Tincher-Ladner's and PTK's aforementioned acts have caused substantial damages to Honor Society and its reputation, and have deterred prospective members of Honor Society from becoming members, and driven them instead to PTK.

42.      Tincher-Ladner's and PTK's aforementioned acts were done with the unlawful purpose of causing damage and loss to Honor Society, and were done without right or justification.

18

43.     As a result of Tincher-Ladner's and PTK's unlawful conduct, Honor Society has been damaged, including damage to its reputation, receiving refund requests from its members, receiving unwarranted inquiries from State Attorneys General, receiving unwarranted negative reviews from the Better Business Bureau, and by experiencing declines in new memberships and sales of products and services.

44.     Upon information and belief, Tincher-Ladner's and PTK's aforementioned instances of misconduct against Honor Society were made with an element of aggression, or some coloring of insult, malice, oppression, fraud or gross negligence, evincing ruthless disregard for the rights of others, such that punitive damages are warranted.

<u>**COUNT III**</u>

**False or Misleading Representations of Fact**

**Against PTK**

**Under 15 U.S.C. § 1125(a)**

45.     Honor Society realleges and hereby incorporates by reference paragraphs 1 through 31 above.

46.     Tincher-Ladner and PTK have used, and continue to use, in interstate commerce, false or misleading representations of fact concerning PTK, that is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association of PTK with other organizations, all of which has caused damages to Honor Society.

47.     Specifically, Tincher-Ladner and PTK have claimed, and continue to claim, to third parties, including to students and schools, that PTK is the "only" and/or is the "official" honor society for two-year colleges, which is false and/or misleading.  These statements are false because PTK is not the only honor society for two-year junior colleges; Honor Society is also an honor society that serves students at two-year colleges.  These statements are also misleading because there is no one organization that has the right or ability to declare or recognize the existence, legitimacy or validity of all honor societies.

48.     Upon information and belief, as a result of Tincher-Ladner's and PTK's

19

aforementioned misconduct, Honor Society has suffered damages.

## PRAYER FOR RELIEF

Wherefore, Honor Society respectfully requests that this Court award Honor Society the following:

### On the First Cause of Action, for Defamation

1. Actual damages, which Honor Society currently calculates to be in excess of $1 million, the exact amount to be proven at trial;

2. Punitive damages; and

3. Injunctive relief, requiring PTK to make and pay for substantial corrective advertising wherein it publicly retracts its false and malicious statements against Honor Society, and prohibiting PTK from publishing further false and malicious statements about Honor Society.

### On the Second Cause of Action, for Tortious Interference with Business Relations

4. Actual damages and disgorgement of profits, which Honor Society currently calculates to be in excess of $1 million, the exact amount to be proven at trial;

5. Punitive damages; and

6. Injunctive relief, requiring PTK to make and pay for substantial corrective advertising that addresses its above-described acts of tortious interference with Honor Society's business relations, and prohibits PTK from engaging in further acts of tortious interference with Honor Society's business relations.

### On the Third Cause of Action, for False or Misleading Representations of Fact

7. Actual damages and disgorgement of profits, pursuant to 15 U.S.C. § 1117(a), which Honor Society currently calculates to be in excess of $1 million, the exact amount to be proven at trial; and

8. Treble the amount of actual damages, pursuant to 15 U.S.C. § 1117(a);

9. Attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

10. Injunctive relief, pursuant to 15 U.S.C. § 1116(a), requiring PTK to make and pay for substantial corrective advertising that addresses its false and/or misleading statements affecting

Honor Society, and prohibits it from making further false and/or misleading statements affecting Honor Society.

**On All Causes of Action**

11.     Costs and attorneys' fees to the extent permitted by law; and

12.     Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant and Counter-Claimant, Honorsociety.org, Inc., hereby demands a trial by jury on all issues so triable.

Dated: March 29, 2023

/s/ Daniel A. Rozansky
Daniel A. Rozansky – PHV
Michael A. Bernet – PHV
STUBBS ALDERTON & MARKILES, LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, California 91403
Tel: (818) 444-4500
E-mail: drozansky@stubbsalderton.com
E-mail: mbernet@stubbsalderton.com

Dated: March 29, 2023

/s/ W. Whitaker Rayner
W. Whitaker Rayner
JONES WALKER LLP
190 E. Capitol St., Suite 800
Jackson, Mississippi 39201
Tel: (601) 949-4724
E-mail: wrayner@joneswalker.com

*Attorneys for Defendant and Counter-Claimant, HONORSOCIETY.ORG, INC.*