IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHI THETA KAPPA HONOR SOCIETY,**

*Plaintiff/Counter-Defendant*,

v.

**HONORSOCIETY.ORG, INC.,**

*Defendant/Counter-Plaintiff*,

v.

**DR. LYNN TINCHER-LADNER,**

*Third-Party Defendant.*

CAUSE NO. 3:22-CV-208-CWR-RPM

## ORDER ON MOTIONS TO SEAL

Before the Court are four Motions to Seal. Docket Nos. 171, 175, 176, and 177.

First, PTK and Dr. Tincher-Ladner seek an order allowing it to file under seal its Motion for a Temporary Restraining Order, Preliminary Injunction and/or Gag Order and supporting memorandum, along with declarations of Jonathan Polak and Dr. Lynn Tincher-Ladner. Docket No. 171.

Next, Honor Society asks to file its Response to PTK's Motion for a Temporary Restraining Order, Preliminary Injunction and/or Gag Order under seal. Docket No. 175. It opposes Docket No. 171, *see* Docket No. 173, but files the motion because some parts of its response "include materials that have been designated for protection by PTK under the Stipulated Protective Order." Docket No. 175 at 3.

Next, PTK asks to file under seal its Rebuttal in Support of its Motion for Temporary Restraining Order, Preliminary Injunction and/or Gag Order, a supplemental Tincher-Ladner Declaration (that it wishes to attach to its Rebuttal), and the exhibits to this supplemental Tincher-Ladner declaration. Docket No. 176. Select portions of the supplemental declaration and its exhibits 3-10 include information "designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to the Protective Order. *Id*. at 2. These exhibits are spreadsheets with business data about partner colleges and the number of students who receive PTK invites. PTK offers this information to refute claims by Honor Society that PTK's top 10% claim is false. Also included is a spreadsheet of business data detailing five years of scholarship amounts PTK student members received.

Lastly, PTK asks to redact portions of its Reply to its earlier Motion to Seal, Docket No. 171, and to file Exhibit A of its reply under seal. Docket No. 177. It wishes to redact portions of Michael Moradian's May 3, 2024 deposition transcript which has been designated confidential per the Stipulated Protective Order. *Id*. Exhibit A to the reply is the deposition transcript itself. *Id*. The lines from the transcript have already been redacted and it was filed with a placeholder exhibit for Exhibit A. *See* Docket No. 178.

The Court recognizes and appreciates that the parties followed the requirements of the Stipulated Protective Order, Docket No. 34, when it sought leave via these Motions to place these items under seal. It now begins its analysis of the Motions to Seal.

Federal law in this area is well-established. "Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). "The public has a common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quotation marks

and citation omitted). "This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Id.* (cleaned up).

The public's right of access, however, "is not absolute." *Id.* "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (collecting cases). "[T]he relevant facts and circumstances of the particular case" must be considered. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (citation omitted).

At the end of the day, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848 (quotation marks and citation omitted). "[C]ourts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le*, 990 F.3d at 418 (citations omitted).

At the beginning of the July 12 hearing, the Court expressed to the parties that it was not leaning towards sealing the documents. The law of this Circuit is clear: sealing cases is disfavored. And PTK has not offered compelling reasons in support of sealing the majority of the filings. Even though the parties entered into the Stipulated Protective Order with the Magistrate Judge's consent, federal law does not permit parties to seal documents by agreement. *See Binh Hoa Le*, 990 F.3d at 417 (rejecting "stipulated sealings . . . where the parties agree, the busy district court accommodates, and nobody is left in the courtroom to question whether the decision satisfied the substantive requirements"). Instead, judges must independently examine whether sealing a document or case comports with the First Amendment and common-law standards of public access to public records. *Id.*

3

Here, the only information the Court presently thinks can be submitted under seal are Exhibits 3-10 of the Rebuttal to the Motion for a Temporary Restraining Order, Preliminary Injunction and/or Gag Order. Docket No. 176. These exhibits contain proprietary business data. Any specific references to the content of those exhibits may be redacted in the supplemental declaration of Tincher-Ladner. As for the rest of the Motions to Seal, the parties have not put forward enough to overcome the default standard—that the public has a right to see what goes on in its courts.

It is time to get the parties' briefs and exhibits related to injunctive relief on the docket, so that a ruling can be made and appealed, if necessary. As such, the Court lays out the following "roadmap" for the parties to follow as they file their papers:

1) The motion at Docket No. 171 is denied with one caveat. Within seven days, PTK and Tincher-Ladner shall file publicly their Motion for a Temporary Restraining Order, Preliminary Injunction and/or Gag Order and supporting memorandum, along with declarations of Jonathan Polak and Dr. Lynn Tincher-Ladner, but shall redact student names anywhere they are mentioned in the papers and/or exhibits.

2) The motion at Docket No. 175 is denied. Within seven days of PTK & Dr. Tincher-Ladner's filing, Honor Society shall file publicly its response to the Motion for a Temporary Restraining Order, Preliminary Injunction and/or Gag Order.

3) The motion at Docket No. 176 is granted in part and denied in part. Within three days of Honor Society's response, PTK & Dr. Tincher-Ladner shall publicly file their Rebuttal to their Motion for a Temporary Restraining Order, Preliminary Injunction and/or Gag Order, as well as the non-confidential Exhibits. They shall then present Exhibits 3-10 to

the supplemental Tincher-Ladner declaration to the Clerk's Office for filing under seal. References to the content of Exhibits 3-10 in the declaration may be redacted.

4) The motion at Docket No. 177 is denied. The document presently located at Docket No. 178 shall be promptly refiled without redactions, and Exhibit A – the deposition transcript of Mr. Moradian – shall be filed publicly.

**SO ORDERED**, this the 9th day of August, 2024.

                                            s/ Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE