# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PHI THETA KAPPA HONOR SOCIETY,**

    *Plaintiff / Counter-Defendant,*

v.

**HONORSOCIETY.ORG, INC., ET AL.,**

    *Defendants/ Counter-Plaintiffs,*

v.

**DR. LYNN TINCHER-LADNER,**

    *Third-Party Defendant.*

CAUSE NO. 3:22-CV-208-CWR-RPM

## ORDER

On August 22, 2024, this Court issued an Order granting in part and denying in part plaintiff Phi Theta Kappa Honor Society's ("PTK") second *Motion for Temporary Restraining Order, Preliminary Injunction, and/or Gag Order.* Docket No. 230. Defendants HonorSociety.Org, Inc. and Honor Society Foundation, Inc. (together "Honor Society") now seek reconsideration of that Order via a *Motion to Stay*.[1] Docket No. 240. Upon review, the Court will deny the request.

---

[1] Honor Society also filed an *Emergency Motion for Stay of Preliminary Injunction Pending Appeal and a Temporary Administrative Stay*. The Fifth Circuit denied both motions, finding that Honor Society had "not met [its] high burden in demonstrating that [it] [would] suffer irreparable harm if the preliminary injunction remain[ed] in place pending appeal." *Phi Theta Kappa Honor Society v. HonorSociety.Org, Inc.*, No. 24-60452, Docket No. 43-2 at 1 (5th Cir. Oct. 11, 2024).

I. **Legal Standard**

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotation marks omitted); *accord Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020). In deciding whether to grant a stay, courts consider:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434.

II. **Discussion**

The analysis begins by addressing whether the speech at issue is commercial.

Honor Society takes another bite at the apple, this time claiming that "an economic motivation would clearly be insufficient by itself" to render its speech commercial. Docket No. 241 at 18 (quotation marks omitted). Its argument is misplaced, however, as the Court considered all three factors from *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60 (1983), when it determined that Honor Society's online postings were commercial speech. *See* Docket No. 230 at 23. Honor Society offers no new arguments to convince the Court otherwise.

Instead, it argues that the second injunction is an "unconstitutional prior restraint and overbroad because it prohibits First Amendment protected speech and is not limited to specific false statements." Docket No. 241 at 9.

It is well-established that "the First Amendment does not protect commercial speech which is inherently misleading or has proven subject to abuse." *United States v. Buttorff*, 761

F.2d 1056, 1066 (5th Cir. 1985) (citing *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York,* 447 U.S. 557, 563–64 (1980)). Since "there can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity, [courts] may ban forms of communication more likely to deceive the public than to inform it." *Cent. Hudson*, 447 U.S. at 563.

Here, Honor Society has made numerous false and misleading statements designed to harm PTK's lawful business. As explained in the second injunction, Honor Society's statements reveal a deliberate attempt to deceive the public "rather than speak the truth." Docket No. 230 at 10. The injunction is narrowly tailored to enjoin Honor Society from making false representations about PTK. It is an appropriate response to "remedy the specific action which [gave] rise to the order." *John Doe #1 v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004); *see Buttorff*, 761 F.2d at 1066–67 (finding injunction prohibiting appellant's misleading commercial speech "appropriate," "adequately tailored," and "necessary" to prevent recurrence of such conduct).

Honor Society next claims that it may publish the cartoon of the East Asian woman even if it is offensive. Docket No. 241 at 12. Citing to *Matal v. Tam*, 582 U.S. 218 (2017), it explains that "[t]he Asian American band members [in *Matal*] believed that by using the slur as the name of their group, they could 'reclaim' the term and 'drain its denigrating force.'" *Id.* Despite this explanation, however, Honor Society makes no attempt to explain why ***it*** used the specific cartoon at issue to represent its "concerns" about PTK.[2] Offensive speech is protected by the First Amendment, but misleading speech is not. Left unexplained, and

---

[2] The Court also noted this in its second injunction. *See* Docket No. 230 at 15.

3

considered in the context of its pattern of misleading conduct, Honor Society's use of the cartoon image here is just another avenue to misrepresent PTK.

Honor Society then argues that the second injunction unconstitutionally compels speech. *Id.* at 16. *Zauderer* scrutiny applies where government-compelled commercial speech is purely factual and uncontroversial.[3] *See R J Reynolds Tobacco Co. v. Food & Drug Admin.*, 96 F.4th 863, 877 (5th Cir. 2024). To survive under *Zauderer*, the speech "must be 'reasonably related to the State's interest' and not 'unjustified or unduly burdensome.'" *Id.* at 882 (citing *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 651 (1985)).

The second injunction requires Honor Society to publish PTK's address information and a disclaimer. All of these statements are purely factual and uncontroversial. *See id.* at 878. Honor Society does not seem to dispute this. *See* Docket No. 241 at 17–19. It instead focuses its attack on the second part of *Zauderer*, claiming that "[t]here is no state interest in providing a disclaimer about the details of the lawsuit" and that "revising thousands of individual webpages to add [the] disclaimer . . . is burdensome." *Id.* at 19–20.

The Court disagrees. There is nothing unduly burdensome about requiring Honor Society to correct the false and misleading statements it intentionally disseminated online through the thousands of individual web pages it created. This is true especially given the public's strong interest in obtaining truthful and accurate information.

Honor Society cannot continue to deceive consumers. The second injunction explained that Honor Society's "Chapter Directory" was not a legitimate directory, but rather

---

[3] "A factual statement is 'controversial' under *Zauderer* where the truth of the statement is not settled or is overwhelmingly disproven or where the inherent nature of the subject raises a live, contentious political dispute." *R J Reynolds*, 96 F.4th at 881.

4

an attempt to "direct persons interested in PTK to a page informing potential members about why they should not select PTK." Docket No. 230 at 14 (quotation marks omitted). Requiring Honor Society to either include actual contact information for PTK's chapters or remove the purported "Directory" altogether is, therefore, a reasonable step to ensure that the Directory is no longer misleading. Further, given Honor Society's continued misrepresentations about this lawsuit, requiring it to add a disclaimer on the webpages and social media posts that concern or reference this litigation is a reasonable measure presenting minimal burdens.

Attempting to relitigate yet another issue the Court already decided, Honor Society then contends that PTK cannot identify a single customer it has lost or could have gained due to Honor Society's conduct. Docket No. 241 at 21. This argument is unavailing. As the second injunction explained, PTK is substantially likely to succeed on the merits of its tortious interference claim, and PTK's "connection to lost profits can be more fully developed during discovery." Docket No. 230 at 17.

Honor Society's remaining arguments also miss the mark. Honor Society has not demonstrated that it will suffer irreparable injury absent a stay. *See Nken*, 556 U.S. at 434. PTK, however, will continue to suffer substantial harm unless Honor Society is enjoined from further misrepresenting the truth. *See* Docket No. 230 at 18–19. The public interest is also not served by a stay, but rather by "a preliminary injunction that prohibits one side from making false statements about their opponent during the pendency of this litigation." *Id.* at 20.

**III. Conclusion**

For the foregoing reasons, Honor Society's *Motion to Stay* is DENIED.

5

Lastly, Honor Society is again directed to upload to ECF its response to PTK's second *Motion for Preliminary Injunction*. *See* Docket No. 230 at 5. Its deadline to do so is October 30, 2024.

**SO ORDERED**, this the 29th day of October, 2024.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE