# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| PHI THETA KAPPA HONOR SOCIETY,<br><br>　　Plaintiff/Counter-Defendant,<br><br>v.<br><br>HONORSOCIETY.ORG INC.,<br><br>　　Defendant/Counter-Plaintiff<br><br>HONOR SOCIETY FOUNDATION, INC.,<br><br>　　Defendant. | Civil Action No. 3:22-cv-00208-CWR-RPM |
| HONORSOCIETY.ORG INC.,<br><br>　　Defendant/Counter-Plaintiff/Third-Party Plaintiff<br><br>v.<br><br>LYNN TINCHER-LADNER,<br><br>　　Third-Party Defendant. | |

## DECLARATION OF DEREK LINKE

I, Derek Linke, hereby declare, under 28 U.S.C. § 1746, as follows:

1. I am over 18 years of age, competent to testify to the matters stated herein, and make this declaration on the basis of personal knowledge.

2. I am an attorney at Newman LLP, and counsel of record for defendants HonorSociety.org Inc. and Honor Society Foundation, Inc. in this action.

3. This declaration is filed in support of HonorSociety's Motion for Protective Order.

4. Attached hereto as **Exhibit A** is a true and correct copy of the Deposition Notice served by plaintiff Phi Theta Kappa Honor Society.

5. Prior to serving this notice, Phi Theta Kappa made no inquiry into HonorSociety's availability on the date noticed for deposition.

I declare under the penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed December 17, 2024

                                                                                            s/ Derek Linke
                                                                                            Derek Linke

# Exhibit A

# UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| PHI THETA KAPPA HONOR SOCIETY, )<br>)<br>    Plaintiff/Counter-Defendant )<br>)<br>v. )<br>)<br>HONORSOCIETY.ORG, INC., )<br>)<br>    Defendant/Counter-Plaintiff/ )<br>    Third-Party-Plaintiff )<br>)<br>HONOR SOCIETY FOUNDATION, INC., )<br>)<br>    Defendant )<br>------------------------------------------------)<br>)<br>HONORSOCIETY.ORG, INC., )<br>)<br>    Defendant/Counter-Plaintiff/ )<br>    Third-Party-Plaintiff )<br>)<br>v. )<br>)<br>DR. LYNN TINCHER-LADNER, )<br>)<br>    Third-Party Defendant )  | Civil Action No. 3:22-cv-00208-CWR-RPM |

**PHI THETA KAPPA HONOR SOCIETY'S
NOTICE OF RULE 30(B)(6) DEPOSITION
TO HONORSOCIETY.ORG, INC.**

Please take notice that under Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff/Counter-Defendant, Phi Theta Kappa Honor Society ("PTK") will take the videotaped deposition of Defendant/Counter-Plaintiff HonorSociety.Org, Inc. ("Honor Society") via remote means on December 19, 2024 to begin at 9:00 am, Central time. The deposition will take place before a certified shorthand reporter and notary public or other person duly authorized

135801787v1

to administer oaths, and may be recorded by audio, audiovisual, or stenographic means and will continue day-to-day until completed.

Pursuant to Fed. R. Civ. P. 30(b)(6), Honor Society must designate one or more officers, directors, managing agents or other persons who will testify on its behalf as to the matters known or reasonably available to it concerning the subject matters set forth in Schedule B, subject to the Definitions and Instructions in Schedule A. Please provide that designation no later than five (5) days prior to the date of the deposition of any designee. The deponent(s) is also required to prepare to testify under the standard set forth in Rule 20(b)(6).

Dated this 10th day of December, 2024.

Respectfully submitted,

*/s/ Jonathan G. Polak*
Jonathan G. Polak (Pro Hac Vice)
W. Michael Etienne (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
jpolak@taftlaw.com
metienne@taftlaw.com

Rachel Smoot (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
(614) 221-2838 – phone
(614) 221-2007 – fax
rsmoot@taftlaw.com

Daniel R. Warncke (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 357-9397 – phone
dwarncke@taftlaw.com

Philip R. Bautista (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
(216) 706-3686 – phone
pbautista@taftlaw.com

*/s/ Michael B. Wallace*
Michael B. Wallace, MSB # 6904
Charles E. Cowan, MSB # 104478
Beau M. Bettiga, MSB #105905
Jack F. Hall, MSB #106482
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651

Jackson, Mississippi 39205
Phone 601-968-5500

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice of Deposition was served on all counsel of record in this matter.

*/s/ Jonathan G. Polak*
Jonathan G. Polak

## SCHEDULE A

### Definitions and Instructions

1. "Asari" shall mean David Asari, and anyone acting on his behalf or at his direction.

2. "Communication(s)" shall mean the oral, textual or other transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Concerning" means relating to, referring to, describing, evidencing, constituting, identifying, mentioning, discussing, or analyzing.

4. "Document(s)" means all materials within the scope of FRCP 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video and audio recordings (including recordings of conference calls or videoconferences), social media or other online content, computer programs, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of the term "document." A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if

the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

5. "Honor Society," "You," and/or "Your" shall mean Defendant HonorSociety.org, Inc. and any of its parents, subsidiaries, divisions, affiliates, attorneys, related companies, predecessors, successors, assigns, officers, directors, employees, agents and representatives, and all other persons acting or purporting to act on their behalf or at their direction or control, including but not limited to Moradian and Asari.

6. "HS Foundation" shall mean Defendant Honor Society Foundation, Inc. and any of its parents, subsidiaries, divisions, affiliates, attorneys, related companies, predecessors, successors, assigns, officers, directors, employees, agents and representatives, and all other persons acting or purporting to act on their behalf or at their direction or control.

7. "Involved" or "involvement" means "concerning," "related to," "relating to."

8. "Moradian" shall mean Michael Moradian.

9. "Person" or "Party" means the singular and plural of natural person, corporation, company, proprietorship, partnership, joint venture, association, firm, government entity, or any other entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors, and successors of each such "Person" or "Party."

10. "Plaintiff" and "PTK" shall mean Plaintiff/Counter-Defendant Phi Theta Kappa Honor Society and any of its parents, subsidiaries, divisions, affiliates, attorneys, related companies, predecessors, successors, assigns, officers, directors, employees, agents and

representatives, and all other persons acting or purporting to act on their behalf or at their direction or control.

11. "Refund Requests" means any request for a refund from You for any reason, including chargebacks.

12. "Related to" or "relating to" means referring to, describing, evidencing, constituting, identifying, mentioning, analyzing, consisting of, referring to, associated with, constituting or in any way connected with, regarding, discussing, compromising, containing, setting forth, showing, disclosing, explaining, summarizing, reflecting, or mentioning.

13. "Thing" means and includes any tangible item other than a Document.

14. "Third-party" means and includes any person or persons other than the parties named in the above-captioned lawsuit.

15. "Tincher-Ladner" shall mean Third-Party Defendant Lynn Tincher-Ladner.

16. "Website" means www.honorsociety.org.

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of its scope.

18. The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense, and vice versa, as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of its scope.

## SCHEDULE B

## Deposition Topics

**Confusion**

1. The existence and circumstances of those instances where persons mistakenly joined Honor Society thinking they were joining PTK since the filing of this lawsuit.

2. The first date You became aware of any person mistakenly joining Honor Society thinking they were joining PTK.

3. Any efforts by You to address and/or prevent persons mistakenly joining Honor Society thinking they were joining PTK, either individually or in the aggregate.

**Honor Society Membership**

4. The identification of any achievement or criteria necessary to join Your membership at any time since inception.

5. The first date You began using "recognition tiers" and/or "membership tiers", the circumstances of those and any process You have for confirming the qualifications of any member within those tiers.

6. Your efforts to track diversity within Your membership since January 1, 2016.

7. Changes in Your disclosures to prospective or existing members relating to repeated charges for membership fees, including the dates, content and purpose of any changes.

**Honor Society Invitations & Advertising**

8. Identification of all means of soliciting membership to Honor Society since January 1, 2016.

9. The content, volume and methodology of all email invitations for membership since January 1, 2016.

10. The content, volume and methodology of all email campaigns to existing or former members since January 1, 2016.

11. The content, volume and methodology of all adword, keyword, banner ad or other online advertisements since January 1, 2016.

12. Conversion rates to paid and non-paid membership, by year, for all email communications, by year since January 1, 2016.

13.  The sources of all email addresses used to solicit prospective members for membership.

**Honor Society Website**

14.  For the period of January 1, 2016 to present, any facts supporting Your claim that You are the largest honor society in the United States based on any metric, and the identification of any documents produced by You to support that claim.

15.  The first and last dates You advertised on the Website that "Higher Education Loves Honor Society" and the facts You used to support that claim.

16.  The factual basis for all claims made on Your Website since January 1, 2016, if the claim relates to a stated benefit of membership.

**Honor Society Complaints/Refunds**

17.  The dates and circumstances of all instances PTK said to anyone that You are a "scam" or illegitimate.

18.  Your efforts to respond to any claim that You are illegitimate or a scam.

**Honor Society Scholarships**

19.  The circumstances (including dates and amounts) of any type of scholarship offered by You to any member or non-member.

**Honor Society Member Events**

20.  The circumstances of any member events occurring in 2023, 2024 or planned in the remainder of 2024 and 2025.  Such information includes, but is not limited to, location, number of invitations, number of attendees and costs.

**PTK Advertising**

21.  The facts known to You concerning any statement by PTK about its own goods or services that You claim is false or misleading.

**HS Antitrust Counterclaim**

22.  The identification of any third-parties in the market of "membership clubs that provide a package of services consisting of general resources, scholarships, membership recognition, academic recognition, networking resources and opportunities" and their respective market share if known.

23.  Any evidence that students attending community colleges, junior colleges, technical schools or two-year degree program have made purchasing decisions based on the alleged anti-competitive activities of PTK.

**Honor Society Damages**

24. The facts related to any damages You claim as a part of Your Second Amended Counterclaims in this matter.

25. Identification of any student that You claim did not join or renew Your organization, or otherwise requested a refund, because of PTK.

**Communications with Third-Parties**

26. Any efforts by You to communicate in any form with any current or former employee, member, or officer of PTK since April 20, 2022.

27. Your Communications with or about Toni Marek with anyone other than your counsel.

28. Your Communications with any government agency, employee or official about

PTK or Dr. Tincher-Ladner.