# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| PHI THETA KAPPA HONOR SOCIETY,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>HONORSOCIETY.ORG INC.,<br><br>    Defendant/Counter-Plaintiff<br><br>HONOR SOCIETY FOUNDATION, INC.,<br><br>    Defendant. | Civil Action No. 3:22-cv-00208-CWR-RPM |
| HONORSOCIETY.ORG INC.,<br><br>    Defendant/Counter-Plaintiff/Third-Party Plaintiff<br><br>v.<br><br>LYNN TINCHER-LADNER,<br><br>    Third-Party Defendant. | |

**HONORSOCIETY.ORG, INC. AND HONOR SOCIETY FOUNDATION, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

## Introduction

PTK and Honor Society each served Rule 30(b)(6) deposition notices at the end of the discovery period. Drawing distinctions between the notices so fine as to be irrelevant, PTK claims that it should be allowed to proceed with its deposition even though the discovery period has closed but Honor Society should not. The Court should resolve this dispute by allowing both sides to take out-of-time Rule 30(b)(6) depositions within 30 days, after conferring on topics. If the Court elects not to do so, there is no basis to allow PTK to proceed with its deposition given the late date, impossibly broad topics, and that the discovery period has now closed. If the Court won't allow both sides to take their depositions, it should issue a protective order preventing PTK from doing so.

Additionally, just two days ago, PTK served a new Rule 30(b)(6) deposition notice with three topics and several subparts that would require HonorSociety to investigate over 11,000 pages of Zendesk consumer records and commit to memory some of their contents. The topics essentially purport to require HonorSociety to perform PTK's document review for it. PTK claims it should be allowed to proceed with a limited deposition on only these topics if its original notice is denied. Although PTK has long known about HonorSociety's use of Zendesk, its original 30(b)(6) notice did not include any topics about Zendesk or HonorSociety's related customer-service practices. The Court should prevent PTK from taking this deposition, noticed one day before the discovery cutoff and with unreasonable topics.

## Background as to Zendesk

Zendesk is a third-party company that manages customer service inquiries and other consumer questions for HonorSociety. December 18, 2024 Declaration of Michael Moradian ("Moradian Decl.") ¶ 3. Zendesk maintains records internally. *Id.* HonorSociety does not review or even know about any specific consumer inquiry unless escalated for review by HonorSociety's outside independent contractors. *Id.* ¶ 4.

In response to PTK's subpoena, Zendesk produced over 11,000 pages of HonorSociety customer-service records. HonorSociety has no knowledge of the contents of those records other

than those which may previously have been the subject of escalation by its outside independent contractors. *Id.* ¶ 5. Subject to that limited exception, no HonorSociety employee saw those records before they were produced and none has any ability to identify specific records or categories of records without manually searching the documents Zendesk produced. *Id.* ¶ 6.

Despite this lack of knowledge, PTK demands that HonorSociety produce a witness prepared to testify to "the content of all Zendesk Tickets" and "Communications Concerning Zendesk Tickets" relating to any persons who mistakenly joined Honor Society thinking they were joining a different organization, complained of Honor Society's advertising, commercial representations, customer service, being overcharged, improperly charged or charged without authorization by Honor Society, and all refund requests. PTK also requests a witness to testify about: "Your procedures and policies, however informal, Concerning Your use of the Zendesk platform, including without limitation the identification of all Persons with responsibilities for Zendesk-related information."

## Argument

**A.    PTK's new Zendesk 30(b)(6) notice is unreasonable because PTK provided it the day before discovery closed, requires unnecessary document review, and provides no benefit to the case.**

On December 18, the day before the discovery cutoff, PTK served a new Rule 30(b)(6) deposition notice. This was after HonorSociety had already filed its motion for protective order on PTK's December 10 deposition notice, so HonorSociety could not address the new notice. None of the topics indicate that PTK discovered something in the Zendesk production warranting a last-minute deposition. Rather, the topics seem to require HonorSociety to perform document review on PTK's behalf to scour for communications on certain topics. HonorSociety would have no relevant testimony about those documents because it was not a party to any of the communications. Rather, Zendesk created the records and only Zendesk could testify about the interactions that occurred leading to them.

### 1. The amended notice is unreasonable because the topics are overbroad and require document review not required of a Rule 30(b)(6) witness.

Under Rule 26(c), "[t]he court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *Thompson v. Intermodal Cartage, Co., LLC*, No. 2:24-cv-34-KS-MTP, 2024 U.S. Dist. LEXIS 194287, at *5-6 (S.D. Miss. Oct. 25, 2024) (citing *Dean v. Shell Pipeline Co. LP*, No. 19-137-BAJ-RLB, 2020 U.S. Dist. LEXIS 94229, at *3 (M.D. La. May 29, 2020) (collecting cases).

PTK's request that HonorSociety designate a witness prepared to testify on its behalf about the contents of over 11,000 pages of records cannot be answered with knowledge HonorSociety already has. The only way to prepare a witness for those questions is to have someone undergo the lengthy task of reviewing more than 11,000 pages, and then undertake the impossible task of committing those records to memory so they can be regurgitated during deposition. But a Rule 30(b)(6) deposition is "not a memory test." *Fuentes v. Classica Cruise Operator Ltd.*, 32 F.4th 1311, 1322 (11th Cir. 2022); *see also Dapron v. Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. 2019) (a "deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority.")

PTK may argue that it intends to ask follow-up questions about those records once HonorSociety identifies them. But HonorSociety has no information about the vast majority of records Zendesk produced. To the extent the Court allows PTK to take a 30(b)(6) deposition on topics related to Zendesk, PTK should be required to identify, as a deposition topic, a reasonable number of particular records and the questions it has about them. That would allow HonorSociety to determine whether it has any information about the particular records, and if so, to prepare its witness accordingly.

**2.   The amended notice is unreasonable because the topics were not included in PTK's previous 30(b)(6) notice despite PTK knowing about HonorSociety's use of Zendesk long before it served that notice.**

PTK has long known about HonorSociety's use of Zendesk for customer service. The recent production by Zendesk of 11,000 customer service tickets doesn't change that. Yet PTK's current 30(b)(6) notice, which it served on December 10, 2024, doesn't mention Zendesk anywhere among its 28 listed deposition topics. *see* Dkt. No. 353 at Ex. A. Nor does it mention customer service or support tickets in general, much less the numerous details about Zendesk tickets listed in PTK's proposed amended notice. To the extent there is no overlap between PTK's original 30(b)(6) deposition notice and its proposed amended notice, it would be unfair and unreasonable for HonorSociety to be required to prepare a witness to testify about Rule 30(b)(6) topics which it was not provided notice of until the day before the discovery cutoff.

HonorSociety does not review or even know about any specific Zendesk consumer inquiry unless escalated for review by HonorSociety's outside independent contractors or in other rare circumstances. A deposition requiring HonorSociety to first undertake hours upon hours of document review and memorization of documents on PTK's behalf provides no benefit to the case. PTK can conduct the same review by searching the records itself. And if it finds records that it wishes to inquire about, it should provide those records and ask for a witness to testify about them specifically.

PTK's request for 30(b)(6) testimony on "procedures and policies, however informal" related to HonorSociety's use of Zendesk is likewise pointless. HonorSociety's policies about a helpdesk provides no benefit to a case about trademark infringement and alleged false advertising. Zendesk already produced the records showing what consumers submitted, including whether any consumer reported confusion between the two entities. HonorSociety was not a party to any of those communications and cannot say what happened beyond what is reported in the records. The documents speak for themselves, and PTK has the documents.

Similarly, "the identification of all Persons with responsibilities for Zendesk-related information" in the last eight years does nothing to advance the case at this late stage. PTK has

known about Zendesk—even if it didn't have the specific records—for months. And if there was some possible relevance for knowing who managed the Zendesk contract or otherwise had input, the discovery period has closed and PTK has missed its opportunity to depose those persons.

**B.     PTK's original deposition notice was untimely and its topics are unreasonable.**

   **1.    Honor Society does not seek an extension of the discovery period but will agree to mutual out-of-time Rule 30(b)(6) depositions to resolve this matter.**

PTK speculates that Honor Society is secretly angling for an overall continuance of the discovery period, weaving a complicated fantasy about how Honor Society has continually obstructed PTK and wants to continue do so. None of that is true. But both sides waited until the very end of discovery to serve Rule 30(b)(6) notices and the prime complaint of each party is they do not have time to prepare. Both sides also object to the breadth of topics noticed. Honor Society will agree to make a witness available within 30 days at a mutually-agreed date and time if PTK will do the same. 30 days will also provide time to confer on and narrow deposition topics. Neither side met and conferred with the other before filing its motion or protective order. HonorSociety is confident that it can clarify its topics to alleviate PTK's overbreadth concern, and is optimistic that PTK can do the same.

   **2.    60 narrowly-tailored topics are better than 28 overbroad ones.**

PTK makes much of the number of deposition topics each party offers. But narrowly-tailored deposition topics about specific things are far easier to prepare for than overbroad ones. For example, PTK seeks "Identification of all means of soliciting membership to Honor Society since January 1, 2016," a topic so broad it would be impossible for any witness to prepare. Honor Society, by contrast, supplies a series of topics about the each subject matter.

   **3.    PTK's headings do nothing to narrow the scope of its topics.**

PTK claims that its use of headings in its notice narrow the scope of its topics. Both parties used section headings, so if this argument has merit then it has merit on both sides. But PTK's headings do not narrow its requests. The overbroad requests read the same regardless of whether they follow a heading.

**4.   Nine calendar days is insufficient notice for a case this broad.**

The amount of advance notice required for a deposition must be "reasonable" which means it is dependent on the circumstances of each case, including case scope and the number and breadth of topics. Nine calendar days might be sufficient for some cases, but this case involved HonorSociety's production of two-million pages of documents. It involves disparate legal theories ranging from false advertising to trademark infringement to antitrust. It involves a lengthy time period and millions of students and thousands of colleges. And most importantly, PTK's topics are extremely overbroad and would require weeks to prepare.

**5.   PTK's decision to delay is not based on the Zendesk records.**

PTK disingenuously claims it waited to issue a Rule 30(b)(6) notice because it just received the Zendesk records. But nothing stopped PTK from issuing a notice weeks or months ago and then amending it to add Zendesk topics. The Zendesk records do not change the topics that PTK attached to its original December 10 notice because the topics go to PTK's claims and defenses and not to any particular document that it received from Zendesk.

**6.   Honor Society's objections are precise and valid.**

PTK churlishly claims that Honor Society's objections are "baseless, perfunctory, and tit-for-tat" and then proceeds to dismiss them by parroting its uninformative headings and failing to respond to factual issues identified by Honor Society. For example, Topic 4 asks Honor Society to testify to criteria for membership throughout its history. But Honor Society doesn't keep records of changes to those criteria and they have been modified extremely frequently. PTK's only response is to claim this is "nonsensical" because Honor Society was founded ten years ago. That argument is ad hominem because it attacks HonorSociety's team personally, but does not address the fact that HonorSociety cannot possibly prepare to testify about that broad topic. To prepare, HonorSociety would have to recreate thousands of criteria over a period of years.

Similarly, Topic 6 demands information about Honor Society's diversity tracking for the last eight years. But this data is not kept in a manner that can be easily accessed to prepare for a

deposition. PTK avoids addressing the substance of HonorSociety's argument and again responds only that the objection is "nonsensical."

Topics 8-11 address Honor Society's marketing campaigns, and demand information on the "content, volume, and methodology" of each. Honor Society markets intensively on a daily basis and no person could possibly retain the detail necessary to testify about these campaigns. PTK's only response is to state that there were only 8,000 marketing campaigns and Honor Society produced representative samples in discovery. PTK has those samples and cannot be allowed to try an end run around written discovery by demanding that Honor Society regurgitate facts and figures about all 8,000 marketing campaigns when it only had to produce samples.

Topic 13 similarly asks for the source of "all email addresses" Honor Society markets to. But Honor Society gets email addresses from a large variety of sources. And PTK identifies no reason to believe this information is relevant or likely to lead to discoverable information. How does the source of email addresses relate to any claim or defense?

Topic 16 asks for the factual basis of all claims on Honor Society's website ever that "relates to a stated benefit of membership." Honor Society cannot prepare a witness to respond to every statement on its website that references a benefit of membership. The website contains over a 1,000 pages and has been modified hundreds of times. PTK must identify the statements it is concerned with if it wants Honor Society to respond.

Topics 17-26 ask Honor Society to produce a witness to testify regarding a vast range of detailed subjects in their entirety, including all scholarships and all events, everything Honor Society has done to respond to allegations that it is a scam, and even the number of times PTK claimed Honor Society was a scam. No witness can adequately prepare for such a wide range of detailed topics.

## Conclusion

The Court should allow both parties to proceed with depositions and require them to meet and confer to narrow topics. In the alternative, the Court should enter a protective order preventing PTK from taking any further depositions.

Dated: December 20, 2024

Respectfully Submitted,

s/ Derek A. Newman
Derek A. Newman (pro hac vice)
Derek Linke (pro hac vice)
Keith P. Scully (pro hac vice)
Gregory M. Scialabba (pro hac vice)
Newman LLP
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Tel: (310) 359-8200
dn@newmanlaw.com
linke@newmanlaw.com
keith@newmanlaw.com
gs@newmanlaw.com

s/ W. Whitaker Rayner
W. Whitaker Rayner (MS Bar # 4666)
Dakota J. Stephens (MS Bar # 106695)
Hugh A. Warren, V (MS Bar # 106711))
Jones Walker llp
190 E. Capitol St., Suite 800
Jackson, Mississippi 39201
Tel: (601) 949-4724
wrayner@joneswalker.com
dstephens@joneswalker.com
hwarren@joneswalker.com

Attorneys for Defendant, Counter-Claimant, and Third-Party Plaintiff HonorSociety.org, Inc. and Defendant Honor Society Foundation, Inc.

## Certificate of Service

I hereby certify that on December 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

Executed this 20th day of December, 2024        s/ Derek A. Newman
                                                Derek A. Newman