UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



PHI THETA KAPPA HONOR SOCIETY,

Plaintiff,

v.     Civil Action No. 3:22-cv-00208-CWR-RPM

HONORSOCIETY.ORG, INC. AND

HONOR SOCIETY FOUNDATION, INC.,

Defendants.

## MOTION TO QUASH SUBPOENA BY NON-PARTY TONI MAREK

### I. INTRODUCTION

I, Toni Marek, appearing pro se, respectfully move this Court for an order quashing the purported subpoena issued to me by Plaintiff Phi Theta Kappa Honor Society ("PTK") in the above-captioned matter.

### II. IMPROPER SERVICE

On or about December 19, 2024, I discovered a document taped to my door purporting to be a subpoena. I was never personally handed a subpoena, nor did I acknowledge receiving one. Rule 45 of the Federal Rules of Civil Procedure requires personal delivery and does not permit service by merely leaving the document at my residence. Such an attempt fails to meet

the required standard. Accordingly, the purported subpoena should be quashed.

## III. LACK OF RELEVANCE

Compelling me to appear or produce documents serves no legitimate purpose, wastes judicial resources, and imposes an undue burden on a non-party, as I, to my knowledge, possess no relevant information.

## IV. UNDUE HARDSHIP

Complying with this subpoena would force me to take time off from work, resulting in lost income exceeding any nominal witness fee. Rule 45(d)(3) directs courts to protect non-parties from significant expense and undue hardship. Given that I have no relevant information, the burden imposed on me is both unnecessary and unjust.

## V. THREATS AND INTIMIDATION

On December 19, 2024, I discovered an email in a spam folder that I rarely check, containing correspondence from Plaintiff's counsel. This correspondence, attached as Exhibit A, includes improper threats of involving local prosecutors to compel my compliance with the purported subpoena. The letter alleges unsubstantiated claims of "evasion" and criminal conduct, accusing me of engaging in actions such as "driving in circles" and "making an illegal U-turn" to avoid service. These allegations are speculative, baseless, and unsupported by any evidence, such as a formal affidavit or photographs. Furthermore, there is no indication that the alleged individual attempting service properly identified themselves as a process server.

Plaintiff's counsel further threatened to report me to local prosecutors for an alleged violation of Texas Penal Code § 38.16, which governs the intentional prevention of process execution. This statute requires proof of knowing and intentional conduct, and I am unaware of any attempt to serve me in the manner described. These accusations misapply Texas law and

lack any legitimate basis. Even if the allegations were true—which I dispute—such threats of criminal prosecution are improper and unethical.

These communications go beyond the scope of proper legal advocacy and are coercive and intimidating. The Federal Rules of Civil Procedure provide a clear process for enforcing subpoenas and do not allow for the use of threats of criminal action to compel compliance. Furthermore, this conduct appears to violate Rule 4.4(a) of the ABA Model Rules of Professional Conduct, which prohibits attorneys from using means that serve no substantial purpose other than to burden, embarrass, or harass a third person. Additionally, Rule 8.4(d) prohibits conduct prejudicial to the administration of justice. The threats contained in Plaintiff's counsel's correspondence appear designed solely to intimidate and burden me, a non-party to this litigation.

In 2012, I first became acquainted with Phi Theta Kappa Honor Society. Over the past 12 years, I have been subjected to sexual harassment, abuse, intimidation, lies, defamation of character, and bullying by this organization, its former executive director Rod Risley, current executive director Lynn Tincher-Ladner, and its attorneys. This history of mistreatment has had a profound impact on me, and it continues through these improper and unethical tactics. To be further intimidated and threatened by Plaintiff and its representatives is not to be taken lightly. Such conduct is both egregious and unacceptable and should be admonished by this Honorable Court as behavior that undermines the integrity of the judicial process.

The demand for immediate compliance, under the threat of prosecution, disregards my right to challenge the subpoena under Rule 45(d)(3) of the Federal Rules of Civil Procedure. Such tactics place undue stress on a non-party with no relevant information to provide. These actions undermine the integrity of the judicial process and should not be condoned.

I respectfully request that the Court take note of these improper threats and coercive tactics and grant my Motion to Quash.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth above—including improper service, lack of relevance, undue hardship, and the use of unethical threats and intimidation—I respectfully request that this Honorable Court grant my Motion to Quash and relieve me of any obligation to comply with the purported subpoena.

Dated: December 19, 2024

Respectfully submitted,

*Toni Marek*

**Toni Marek (Pro Se)**

Victoria, Texas

Email: tonimarek@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2024, I served a copy of the foregoing Motion to Quash Subpoena and attached Exhibit A on all counsel of record via email at the following addresses, as I had available to me through PACER:

- ☐ Jonathan G. Polak

    Taft, Stettinius & Hollister, LLP

    Email: jpolak@taftlaw.com

- ☐ Michael B. Wallace

    Wise, Carter, Child & Caraway, Pa - Jackson

    Email: mbw@wisecarter.com

- ☐ J. Mitchell Tanner

    Taft, Stettinius & Hollister, LLP

    Email: jpolak@taftlaw.com

- ☐ Michael A. Bernet

    Stubbs, Alderton & Markiles, LLP

    Email: mbernet@stubbsalderton.com

- ☐ W. Whitaker Rayner

    Jones Walker, LLP - Jackson

    Email: wrayner@joneswalker.com

- ☐ Daniel A. Rozansky

    Stubbs, Alderton & Markiles, LLP

    Email: drozansky@stubbsalderton.com

- ☐ Derek Linke

    Newman LLP

    Email: linke@newmanlaw.com

- ☐ Derek Newman

    Newman LLP

    Email: dn@newmanlaw.com

Dated: December 19, 2024

*Toni Marek*

**Toni Marek (Pro Se)**

Victoria, Texas

Email: tonimarek@gmail.com