UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHI THETA KAPPA HONOR SOCIETY                                        PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:22-CV-208-CWR-RPM

HONORSOCIETY.ORG, INC. et al                                        DEFENDANTS

**ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH SUBPOENA**

Before the Court is Non-Party Toni Marek's [371] Motion to Quash Subpoena. Marek, proceeding *pro se*, asks this Court to grant her Motion to Quash Subpoena and relieve her of any obligation to comply with the subpoenas. Doc. [371] at 4. Marek previously submitted a Declaration in this case. Doc. [289-50]. Honor Society also disclosed Marek as a witness it may call in support of its claims and defenses. Doc. [381-1] at 11.

Marek argues improper service, as she "was never personally handed a subpoena, nor did [she] acknowledge receiving one." Doc. [371] at 1. In December 2024, she received correspondence from Phi Theta Kappa Honor Society ("PTK") apprising her of the attempts to have her served with the subpoenas. Doc. [371-1]. PTK admits it has been unable to personally serve Marek. Doc. [382] at 2–4. Instead, PTK ultimately resorted to taping the subpoenas on the front door of Marek's residence to at least provide Marek with notice. Doc. [381-1] at 36–37; [382] at 4.

Marek further argues this correspondence included threats and intimidation. Doc. [371] at 2. The Court disagrees with Marek's argument here. Among other things, PTK's correspondence served to put Marek on notice. Additionally, it served as a warning to Marek of the potential consequences for evading service of the subpoenas. *See* Texas Penal Code § 38.16. There is evidence Marek has evaded service of the subpoenas. According to one investigator attempting service, the following occurred:

> [Marek] jumped into the truck, locked the doors, and sped away as he approached
> to serve her the subpoenas. . . . [The investigator] followed her through the
> residential streets as she made several aggressive turns to evade him. When stopped
> at a red light twice, [the investigator] exited his vehicle and approached her at the
> driver's side window. Marek would not roll down the window or make eye contact
> with him. She eventually did an illegal U-turn and sped away exceeding the speed
> limit.

Doc. [381-1] at 33.

However, in consideration of Rule 45, the Court finds it lacks jurisdiction to resolve the instant motion. *Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-94, 2016 WL 9274962, at \*2–3 (E.D. Tex. Oct. 25, 2016). It appears the United States District Court for the Southern District of Texas (the Compliance Court)—not this Court (the Issuing Court)—would be the proper situs for filing this motion to quash. *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384, 2020 WL 12968651, at \*3 n.4 (N.D. Tex. Mar. 10, 2020). The Court notes that, as the Issuing Court, it has previously addressed motions to quash subpoenas to non-parties, but those motions were filed by parties to this case. *See* Doc. [88]; [95]; [305]; [332]; [363]; [390]. In addressing those motions, the Court exercised its power to limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2).

Here, the circumstances are distinguishable. The requirements of Rule 45 serve to protect nonparties and to avoid burdens on nonparties subject to subpoenas. *See* Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendment. And Marek, who is a non-party, is the movant. *See Aldridge v. Cain*, Nos. 1:20-CV-321, 1:22-CV-11, 2023 WL 6929799, at \*4 (S.D. Miss. Oct. 19, 2023) (denying, for lack of jurisdiction, a motion to quash filed by a non-party subject to a subpoena). "[E]ven though 'it is true that Rule 45(f) permits the [Compliance Court] to transfer a subpoena-related motion to the [I]ssuing [C]ourt if the person subject to the subpoena consents or if the [Compliance Court] finds exceptional circumstances, [the fact remains] the motion must [still] be filed in the first instance with the [Compliance Court.]" *Diamond Consortium*, 2016 WL

9274962, at *3 (quoting *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:23-CV-1047, 2015 WL 11117083, at *2 (E.D. Tex. Mar. 27, 2015)); *see SynQor, Inc. v. Vicor Corp.*, No. 2:14-MC-79, 2014 WL 2519242, at *2 (N.D. Tex. June 3, 2014) (finding that Rule 45 provides only the Compliance Court the power in the first instance to determine whether to quash or modify a subpoena or else transfer the motion to the Issuing Court); *see also Paso Del Norte Motors, LP v. Kia Motors of Am., Inc.*, No. 3:15-CV-2672, 2015 WL 4939948, at *1 (N.D. Tex. Aug. 19, 2015) (finding, where court in which the motion to compel and/or transfer was neither Issuing nor Compliance Court, that the court had no authority under either Rule 45 or 37 to rule on the motions). Accordingly, the Court denies the motion without prejudice to refile before the appropriate court.

IT IS THEREFORE ORDERED AND ADJUDGED that Non-Party Toni Marek's [371] Motion to Quash Subpoena is DENIED without prejudice to refile before the appropriate court.

SO ORDERED AND ADJUDGED, this the 30th day of January 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE