**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| PHI THETA KAPPA HONOR SOCIETY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | Civil Action No. 3:22-cv-00208-CWR-RPM |
| | ) | |
| v. | ) | |
| | ) | |
| HONORSOCIETY.ORG, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff /Third-Party-Plaintiff | ) | |
| | ) | |
| HONOR SOCIETY FOUNDATION, INC., | ) | |
| | ) | |
| Defendant | ) | |
| -------------------------------------------------- | ) | |
| HONORSOCIETY.ORG, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff /Third-Party-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DR. LYNN TINCHER-LADNER, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**MEMORANDUM IN SUPPORT OF PHI THETA KAPPA AND DR. TINCHER-LADNER'S MOTION TO FILE UNDER SEAL**

Plaintiff/Counter-Defendant Phi Theta Kappa Honor Society ("PTK") and Third-Party Defendant Dr. Lynn Tincher-Ladner submit this Memorandum in Support of their Motion to File Under Seal documents in connection with their Response[1] to HonorSociety.org, Inc. and Honor Society Foundation, Inc.'s Motion for Summary Judgment.

---

[1] The Response is being filed today.

1.	Pursuant to the Parties' Stipulated Protective Order, any party seeking to file any document, or a portion thereof, under seal must comply with Local Rules 5.2 and 79.

2.	PTK and Dr. Tincher-Ladner acknowledge that sealed filings are not favored in the Fifth Circuit; however, as the Court has noted, Local Rule 79(b) contemplates sealing of documents where an order "include[s] particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.R. 79(b); *see* ECF No. 383 at 1.

3.	In a recent Order, the Court provided several authorities that further explain the precedent allowing documents to be maintain under seal, for example, where "there is a strong showing of the need for confidentiality." *See* ECF No. 383 at 1-2. Specifically, the Court stated:

> Although the public has a common law right of public access to judicial records, that right is not absolute and can be overcome by a party's showing of a need to maintain its proprietary or confidential documents as confidential. *Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (recognizing the public's general right to public records is not absolute); *State Farm Fire and Cas. Co. v. Hood*, 2010 WL 3522445, at *2 (S.D. Miss. Sept. 2, 2010) ("The public's right of access is not absolute, however. It creates only a 'presumption' of access, which can be overcome by a strong showing of the need for confidentiality."). As such, this Court "must undertake a case-by-case, 'documentby-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citations omitted).

*Id*.

4.	For context, on February 11-12, 2025, the parties exchanged designations identifying portions of each relevant expert report that they believe should be filed under seal. PTK analyzed its own information cited in both PTK's experts' reports and in Honor Society's experts' reports to determine what of that information is sensitive and protectable, and Honor Society did the same. PTK files this Memorandum in support of its Motion to File Under Seal in view of that history.

5. In this Memorandum, PTK and Dr. Tincher-Ladner seek to seal references to the following categories of information:

- student personal information,
- financial information (e.g., line-item dollar values for specific categories of revenues and expenses taken from PTK's P&L statements),
- PTK's business strategies and analyses including its membership invitation process, scholarship allocation information, and its competitors and potential competitors, for example, in emails internal to PTK and PTK's partners.

6. The Court has previously granted motions to seal in this litigation where the information the movant sought to seal was similar to or the same as the information PTK and Dr. Tincher-Ladner seek to seal in this Memorandum. *See* ECF No. 266 (granting motion to seal information regarding "competitive and business interests; (2) its relationships with business affiliates; and (3) the privacy of certain individuals included in these documents"); ECF No. 383 (granting motion to seal "competitive and sensitive business information" including "agreements between [party] and community colleges that include contract terms and dollar values of payments.").

7. In particular, PTK's financial information is sensitive to its business because if such information were to be shared with others, it could be used to gain a competitive advantage over PTK. For example, knowing the subcategories of revenues and costs and their amounts would allow another entity (such as Honor Society) to emulate or otherwise learn from PTK's innerworkings. This material should be maintained underseal as a result.

8. Specifically, PTK and Dr. Tincher-Ladner request that the Court grant their Motion to Seal the following information:

- Exs. A-5, A-6, A-12, A-13, A-14. PTK and Dr. Tincher-Ladner seek to seal this information because it includes deposition testimony related to internal operations at PTK, including competitive business interests.

- Exs. A-15, A-16. PTK and Dr. Tincher-Ladner seek to seal this information because it includes information related to a PTK member and former Honor Society member. PTK and Dr. Tincher-Ladner do not oppose the disclosure of the former student's identity or the general nature of his testimony, but to the extent non-redacted portions of his deposition transcript contain personal information, PTK and Dr. Tincher-Ladner seek to keep that sealed.

- Exs. A-17. PTK and Dr. Tincher-Ladner seek to seal this information because it includes information related to a PTK member and former Honor Society member. PTK and Dr. Tincher-Ladner do not oppose the disclosure of the former student's identity or the general nature of his testimony, but to the extent non-redacted portions of his deposition transcript contain personal information, PTK and Dr. Tincher-Ladner seek to keep that sealed.

- Ex. A-10. PTK and Dr. Tincher-Ladner seek to seal this information because it includes the corporate testimony of PTK, including PTK's competitive and financial information.

- Ex. A-21. PTK and Dr. Tincher-Ladner seek to seal this information because of the ancillary financial and damages information that are not at issue in this response but still included in these interrogatory responses.

- Ex. A-22. PTK and Dr. Tincher-Ladner seek to seal this information because it contains competitive business and financial information as it pertains to PTK's damages.

- Exs. A-35, A-36, A-37, A-38, A-39, A-40, A-41, A-42, A-43, A-44, A-45, A-50, A-51, A-52, A-55. PTK and Dr. Tincher-Ladner seek to seal this information because it contains competitive and strategic information related to PTK's operations, including long term priorities and program analytics.

- Exs. A-46, A-47. PTK and Dr. Tincher-Ladner seek to seal this information because it contains PTK's confidential financial data including consolidated audited financial statements and an informal financial statement for the first half of 2024.

- Ex. A-49. PTK and Dr. Tincher-Ladner seek to seal this information because it contains the identity of a PTK member.

- Ex. A-53. PTK and Dr. Tincher-Ladner seek to seal this information because it contains competitive and strategic information related to students who declined to join.

- Ex. A-65. PTK and Dr. Tincher-Ladner seek to seal this information because it contains competitive information as it relates to web traffic between PTK, Honor Society and a handful of other competitors.

- Tincher-Ladner Decl. ¶¶ 11-15, Exs. B-1, B-2, B-3. PTK and Dr. Tincher-Ladner seek to seal this information because it includes sensitive information related to PTK's insurance provider and third-party grantor. Should this information be publicly disclosed, third-parties may choose to harass PTK's

- insurance provider and grantor (like Toni Marek), causing further harm to PTK and Dr. Tincher-Ladner.

- PTK and Dr. Tincher-Ladner's Response to Honor Society's Motion for Summary Judgment. PTK and Dr. Tincher-Ladner seek to seal this information because it includes redacted references to the information listed in the bullet points above.

9. Separately, PTK and Dr. Tincher-Ladner have redacted and filed under seal Honor Society's confidential information to ensure compliance with their obligations under the Stipulated Protective Order. PTK and Dr. Tincher-Ladner do not otherwise seek to maintain such information under seal and are prepared to file it publicly upon the Court's request. That information includes the following:

- Certain expert reports and testimony of experts described in Paragraph 4 of this Memorandum.

- Deposition transcripts of Honor Society's witnesses or former affiliates that are included as exhibits in the Polak Declaration ¶¶ 2-5, 8-10, 18 including Ex. A-1, A-2, A-3, A-4, A-7, A-8, A-9, A-18.

- Several documents produced by Honor Society with confidentiality designations under the Stipulated Protective Order, which are labeled as: Ex. A- 23, A-24, A-25, A-26, A-27, A-28, A-29, A-30, A-31, A-32, A-33 (and the accompanying summary in Polak Decl. ¶ 33), A-34, A-101, A-102, A-103.

- Ex. A-54, which comprises a summary of Honor Society's profit and loss statements as prepared by PTK's damages expert.

- Documents received in response to a subpoena issued to Boldr, Inc., which are labeled as Ex. A-66, A-67, A-68, and A-69.

PTK is prepared to file those documents publicly in the event the Court instructs it to do so.

10. If PTK and Dr. Tincher-Ladner's request to file certain documents under seal is granted, only authorized court personnel and litigants' counsel will be able to view the sealed documents, although the docket text "sealed document" will still be publicly viewable on the electronic docket. *See* L.U.Civ.R. 79(e)(3)(B)(2) ("sealed from public access only, with CM/ECF access permitted to the litigants' counsel"). PTK and Dr. Tincher-Ladner submit that the above

5

limitation is reasonable and satisfies any confidentiality obligations of PTK and Dr. Tincher-Ladner.

WHEREFORE, counsel for PTK and Dr. Tincher-Ladner respectfully requests that the Court enter an order allowing the filing under seal of the documents referenced in this Memorandum.

Dated this 7th day of March 2025.

    Respectfully submitted,

*/s/ Jonathan G. Polak*
Jonathan G. Polak (Pro Hac Vice)
Michael Etienne (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
jpolak@taftlaw.com
metienne@taftlaw.com

Rachel Smoot (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
(614) 221-2838 – phone
(614) 221-2007 – fax
rsmoot@taftlaw.com

Daniel R. Warncke (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 357-9397 – phone
dwarncke@taftlaw.com

Philip R. Bautista (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302

        (216) 706-3686 — phone
        pbautista@taftlaw.com

        */s/ Charles E. Cowan*
        Michael B. Wallace, MSB # 6904
        Charles E. Cowan, MSB #104478
        Beau M. Bettiga, MSB #105905
        Jack F. Hall, MSB #106842
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi 39205
        Phone 601-968-5500

        *Counsel for Phi Theta Kappa Honor Society and Dr. Lynn Tincher-Ladner*

**CERTIFICATE OF SERVICE**

  I, Jonathan Polak, do hereby certify that I have this day electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system, which sent notification to all counsel of record.

  Dated March 7, 2025

                  */s/ Jonathan G. Polak*
                  Jonathan G. Polak