# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| PHI THETA KAPPA HONOR SOCIETY, | Civil Action No. 3:22-cv-00208-CWR-RPM |
|     Plaintiff/Counter-Defendant, | |
| v. | |
| HONORSOCIETY.ORG INC., | |
|     Defendant/Counter-Plaintiff | |
| HONOR SOCIETY FOUNDATION, INC., | |
|     Defendant. | |
| HONORSOCIETY.ORG INC., | |
|     Defendant/Counter-Plaintiff/Third-Party Plaintiff | |
| v. | |
| LYNN TINCHER-LADNER, | |
|     Third-Party Defendant. | |

**HONORSOCIETY.ORG INC. AND HONOR SOCIETY FOUNDATION, INC.'S MEMORANDUM IN RESPONSE TO PTK'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

## Table of Contents

**Introduction**..................................................................................................................... 1

**Facts** ................................................................................................................................ 1

    A. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ..................................1

    B. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .................................. 2

    C. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ..............3

**Argument** ........................................................................................................................ 4

    A. The plain language of the Agreement allowed HonorSociety ▮▮▮▮▮▮▮ ▮▮▮▮▮. .................................................................................................................... 4

    B. PTK's good-faith-and-fair-dealing claim does not allow PTK to rewrite the Agreement to add new terms. ................................................................................. 7

    C. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .................................................................................................... 8

    D. PTK's claim that Honor Society ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ is irrational and a self-inflicted harm. ........................................ 9

    E. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ........................................ 9

**Conclusion** ...................................................................................................................... 9

## Table of Authorities

**Cases**

*Brent Towing Co. v. Scott Petroleum Corp.*,
  735 So. 2d 355 (Miss. 1999) .................................................................................. 8, 9

*Cascio v. Cascio Invs. LLC*,
  327 So. 3d 59 (Miss. 2021) ......................................................................................... 4

*Cenac v. Murry*,
  609 So. 2d 1257 (Miss. 1992) .................................................................................. 6, 7

*Dalton v. Cellular S. Inc.*,
  20 So. 3d 1227 (Miss. 2009) ....................................................................................... 4

*Frazier v. Ne. Miss. Shopping Ctr., Inc.*,
  458 So. 2d 1051 (Miss. 1984) ..................................................................................... 5

*Hall v. State*,
  241 So. 3d 629 (Miss. 2018) ....................................................................................... 4

*Hoerner v. First Nat'l Bank*,
  254 So. 2d 754 (Miss. 1971) ....................................................................................... 5

*Logan v. RedMed, LLC*,
  377 So. 3d 956 (Miss. 2024) ....................................................................................... 4

*Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC*,
  119 So. 3d 338 (Miss. Ct. App. 2012) ........................................................................ 7

*Nat. Fire Ins. Co. v. Slayden*,
  85 So.2d 916 (Miss. 1956) .......................................................................................... 6

*Rasdon v. Thrash*,
  225 So. 3d 557 (Miss. Ct. App. 2017) ..................................................................... 7, 8

*Royer Homes of Miss., Inc v. Chandeleur Homes, Inc.*,
  857 So. 2d 748 (Miss. 2003) ....................................................................................... 4

*Texas v. Am. Tobacco Co.*,
  463 F.3d 399 (5th Cir. 2006) ....................................................................................... 4

*Tupelo Redev. Agency v. Abernathy*,
  913 So. 2d 278 (Miss. 2005) ....................................................................................... 5

*Univ. of S. Miss. v. Williams*,
  891 So. 2d 160 (Miss. 2004) ....................................................................................... 7

- 1 -

## Introduction

██████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████. HonorSociety did exactly what the Agreement requires. ████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████

██████████████████████████████████████████████

████████████████████████████████

## Facts

A.   ████████████████████████████████████████████████
     ██████████████████████████

At the end of over three years of litigation, the parties finally reached agreement. The Agreement provides that: ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ Declaration of Michael Moradian ("Moradian

- 2 -

Decl.") ¶ 4; *see also* Dkt. No. 569 at 1–2. ███████████████████████████
█████████████████████████████████████████████████████████████████████
███████████████████████████████████. Moradian Decl. ¶ 5. ████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
████████████████████████████████████*Id.*

**B.**  ████████████████████████████████████████████████████████████████
████████████████████████████████████

█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████. *Id.* ¶ 6.
█████████████████████████████████████████████████████████████████████
████████████████████████████████████. *Id.* ████████████████████████
█████████████████████████████████████████████████████████████████████
██████████████. *Id.* ████████████████████████████████████████████████
████████████████████. *Id.* ¶ 7, Ex. 1. ███████████████████████████████
██████████████████████████████████████████████████████████████████.
*See id.* ████████████████████████████. *See id.* ███████████████████████
███████████████████████████████████████████████████████████:



- 3 -

*Id.*

*Id.* ¶ 8, Ex. 2.

:



*Id.*

. *See id.*

. *See id.*

**C.**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████

**Argument**

A.   ███████████████████████████████████████████
████████

Settlement agreements are subject to general principles of contract construction. *Texas v. Am. Tobacco Co.*, 463 F.3d 399, 407 (5th Cir. 2006). Whether a contract is ambiguous is a question of law, and a reviewing court should seek the legal purpose and intent of the parties from an objective reading of the words employed. *Royer Homes of Miss., Inc v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 751 (Miss. 2003). Where a term is unambiguous, a court must enforce the contract as written. *Cascio v. Cascio Invs. LLC*, 327 So. 3d 59, 71 (¶30) (Miss. 2021).

A term is only ambiguous if it is susceptible to two reasonable interpretations. *Dalton v. Cellular S. Inc.*, 20 So. 3d 1227, 1232 (Miss. 2009). The Court can consider dictionaries to determine the common or popular meaning of a term. *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018). ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████

Faced with an unambiguous term, PTK is reduced to arguing ████████████████

████████████████████████████████████████ But the Court can neither modify existing terms nor add new terms to a settlement agreement. *Logan v. RedMed, LLC*, 377 So. 3d 956, 964 (Miss. 2024). PTK's argument that the Agreement ████████████████

████████ is simply wrong. PTK could have negotiated ████████████████████. ████

---

[1] Donate, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/donate.

[2] Donate, *Cambridge Dictionary*, https://dictionary.cambridge.org/us/dictionary/english/donate.

- 5 -

███████████████. ████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████

      PTK's authority does not suggest otherwise. PTK cites a slew of cases, none even remotely bearing on the situation present here. PTK first relies heavily on the statement in *Tupelo Redevelopment Agency v. Abernathy*, 913 So. 2d 278, 284 (Miss. 2005), that "where a contract is silent as to one of its terms, the court is not bound to adopt a construction which is not compelled by the instrument and which no man in his right mind would have agreed to." *Tupelo* is an eminent-domain case wherein a settlement agreement was silent as to whether an appraisal should include just the value of the land, or also the value of the improvements conducted by the government agency acquiring the land. *Id.* The *Tupelo* court found that logic required that only the land be appraised: A government entity does not have to pay a landowner for the agency's own improvements. *Id. Tupelo* is far from our facts. ████████████████████
████████████████████████████████████████
██████████████████████████

      Likewise, in *Frazier v. Northeast Mississippi Shopping Center, Inc.*, 458 So. 2d 1051, 1054 (Miss. 1984), the court declined to interpret a lease-extension agreement to allow the lease to be extended on the same terms sixteen years into the lease and six months before it was due to end. The *Frazier* court noted that "a construction leading to an absurd, harsh or unreasonable result in a contract should be avoided, unless the terms are express and free of doubt." *Id.* ███
████████████████████████████████████████
████████████████████████████████████████

█████████ PTK also confusingly draws the Court's attention to *Hoerner v. First National Bank*, 254 So. 2d 754, 759 (Miss. 1971), which involved a determination that a first loan guaranty

was incorporated into a later one—nothing even remotely close to our facts or the legal questions before the Court.

 PTK also relies heavily on *National Fire Insurance Co. v. Slayden*, 85 So.2d 916, 917 (Miss. 1956), to argue ███████████████████████████████████████████████████████████████

███ But *National Fire Insurance* involved interpretation of the term "theft" in an insurance contract to apply the common meaning, rather than the technical requirements of the crime of larceny. *Id.* ███████████████████████████████████████████████████████████████

 Likewise, *Cenac v. Murry*, 609 So. 2d 1257, 1259 (Miss. 1992), offers PTK no aid in trying to rewrite the Agreement. PTK relies on Cenac for the proposition that a contracting party has a "justified expectation that the other will act in a reasonable manner, and when one party acts outside of accepted commercial practices to deprive the other party of the benefit of the contract, the contract is breached." Dkt. No. 569 at 4 (quoting *Cenac*, 609 So. 2d at 1273)). The *Cenac* court found a breach of the covenant of good faith and fair dealing in the time-payment sale of a country store when the seller engaged in a series of "interference and intimidation coupled with bizarre and aberrant behavior" aimed at disrupting the store's operation and forcing a breach of payments. *Id.* at 1260. Here, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, ironically, it is PTK—and not HonorSociety—whose conduct is not consistent with "accepted

- 6 -

commercial practices" and who has failed to act in a reasonable manner. *See Cenac*, 609 So. 2d at 1273.

Finally, ███████████████████████████████████████████. Those are not our facts and PTK's analogy is irrelevant: ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████

**B.    PTK's good-faith-and-fair-dealing claim does not allow PTK to rewrite the Agreement to add new terms.**

All contracts contain an implied covenant of good faith and fair dealing. *Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 170 (¶24) (Miss. 2004). But a party does not breach the implied covenant of good faith and fair dealing by taking actions authorized by the contract. *Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC*, 119 So. 3d 338, 345 (¶20) (Miss. Ct. App. 2012).

The Mississippi Court of Appeals recently rejected a similar attempt to import extra requirements into a contract under the guise of a good faith and fair dealing claim. In *Rasdon v. Thrash*, 225 So. 3d 557, 561 (Miss. Ct. App. 2017), a race-car driver agreed that if he won a race his tires would be tested and if they varied at all from the manufacturer's standards he would be disqualified and pay a fine. *Id*. The test results showed an unspecified abnormality in one tire and he was disqualified. An independent test showed that his tires were not modified in any way that would have affected the race and he asked the court to consider the "underlying purpose" of the contract, which was to ensure that no driver has an unfair advantage. *Id*. at 560. The *Rasdon* court declined to rewrite the agreement to include any extra requirements, holding the driver instead to the terms of the agreement which the driver "was aware of and agreed to" prior to entry into the race. *Id*.

- 8 -

PTK's argument is nearly identical to that roundly rejected by *Rasdon*. ████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████

C. ████████████████████████████████████████████████████████
████████

It is a "general rule that strict and full performance of a contract by one party may be waived by the other party." *Matheney v. McClain*, 161 So. 2d 516, 519 (Miss. 1964). In particular, where a "contracting party, with knowledge of a breach by the other party, receives money in the performance of the contract, he will be held to have waived the breach." *Brent Towing Co. v. Scott Petroleum Corp.*, 735 So. 2d 355, 359 (Miss. 1999) (citing 17A Am. Jur. 2d Contracts § 663, at 669 (1991)).

████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████
  ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

**D.** ████████████████████████████████████████████████
████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

**E.** ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

### Conclusion

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ HonorSociety respectfully requests that the Court deny PTK's motion in its entirety.

Dated: July 10, 2025

Respectfully Submitted,

s/Robert L. Gibbs
Robert L. Gibbs, MSB No. 4816
Jamie D. Travis, MSB No. 99692
Gibbs Travis PLLC
210 East Capital Street, Suite 1801
Jackson, Mississippi 39201
Telephone: 601-487-2631
Facsimile: 601-366-4295
rgibbs@gibbstravis.com
jtravis@gibbstravis.com

s/ Derek Linke
Derek A. Newman (pro hac vice)
Derek Linke (pro hac vice)
Keith P. Scully (pro hac vice)
Gregory M. Scialabba (pro hac vice)
Newman LLP
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Telephone: 310-359-8200
dn@newmanlaw.com
linke@newmanlaw.com
keith@newmanlaw.com
gs@newmanlaw.com

Attorneys for Defendant, Counter-Claimant, and Third-Party Plaintiff HonorSociety.org Inc. and Defendant Honor Society Foundation, Inc.

## Certificate of Service

I hereby certify that on July 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

Executed the 10th day of July 2025         s/ Derek Linke
                                           Derek Linke